## John H. Helm v. John W. Richmond et al.

1. DRAINAGE—*Right to Have Water Run in Natural Channel Not Restricted by Act of 1889.*—The owner of a higher tract of land has the right to have the water falling or naturally coming on his premises pass off through the natural drains upon or over the lower or servient lands adjoining, and to construct ditches or drains on his own land to conduct such water into the channel provided by nature, and this right is not restricted or abridged by the drainage act of 1889.

**Injunction.**—Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

J. L. RAY, attorney for appellant.

THOS. J. ROTH, attorney for appellee J. W. Richmond.

CLOUD & KERR, attorneys for appellee Emma C. Johnson; WHITE & DOBBINS, of counsel.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Appellant filed in the Circuit Court of Champaign County his bill in chancery against appellees, stating therein that about two years prior to filing his bill, defendant therein, Richmond, together with the commissioners of highways of the township where appellant's land is situated, and one Dunnon, owning the southwest quarter of section three, and one Helgeland, owning the northwest quarter of section three, agreed with appellant that they would pay certain sums of money, as follows: Richmond $25, Dunnon $25, Helgeland $20, commissioners $10, toward a fund to dig a large open ditch from the north side of section ten, being at the highway north of said section, and construct the same for a certain distance into lands of appellant, and appellant was to construct, dig and deepen the ditch the rest of the distance across his land to the west

line thereof, so as to furnish an outlet for the tile proposed to be put in on the lands of said Richmond, Dunnon and Helgeland, and an open ditch of the commissioners of highways, all of whom were given the privilege to drain their lands through tile opening into said ditch; and that in pursuance of said agreement, said parties did aid in the construction of said ditch; that afterward, without the consent of appellant, said Richmond contracted with and permitted appellees Dobbins and Emma C. Johnson, to connect certain tiles draining their lands, with his tiles emptying into said ditch, without the consent of appellant, thereby greatly increasing the amount of water thrown in said ditch upon appellant's land, to his injury, and burdening the said ditch and lands of appellant with additional waters, and some waters that did not naturally flow there; and praying that appellees be required to answer as to the number and size of tiles so connected with the tiles of Richmond, when placed there; and that upon a hearing, said tiles of Johnson and Dobbins be ordered cut off and disconnected from said tiles of said Richmond, and they, Johnson and Dobbins, prevented and enjoined from emptying their said tiles into and through the tiles of said Richmond, into the said ditch of appellant, and permanently enjoined from connecting the same, except by the mutual agreement of appellant and said Richmond, Dunnon, Helgeland and commissioners of highways, as provided by law.

Appellees answer said bill, setting up that their lands are higher than appellant's, and that a natural water-course extends through their lands and appellant's, and that the water from their lands, by nature, drained along said water-course into and through that part of said water-course that is situated upon the lands of appellant, described in his said bill as being injured by such water; that said large ditch mentioned in said bill is but the deepening and cleaning out of said natural water-course; and that the tiles of appellees complained of bring no more water upon appellant's land, described in the bill, than always went there when the lands were in a state of nature.

Said answers also denied substantially all the allegations of the bill. Appellant filed a general replication to said answers. Upon a hearing in the court below the evidence introduced upon both sides, disclosed that the lands of appellees Richmond, Dobbins and Johnson were all north of appellant's, and that the water that fell upon the lands of appellees when they were in a state of nature, all flowed from a northerly to a southerly direction, accumulating into a natural depression (although slight) which passed through the lands of appellees, and extended on through that of appellant; that from time to time open ditches had been made along this natural water-course, to expedite the flow of the water through the same; and such ditches, as they became clogged up, or obstructed, were deepened and cleaned out; that that part of said natural water-course passing through appellant's farm was dug out and deepened into a large ditch by appellant, and by contributions from said Richmond, Dunnon, Helgeland and the Commissioners of Highways, being the ditch described in said bill, and made by contributions as set up in said bill; that tiles were put into the lands of appellees, and they emptied in said ditch, but that said tiles brought no more water into said ditch than would come there without such tiles, and that appellant was in no wise injured by reason of the placing of said tiles there, in the lands of appellees, and connecting them so as to discharge the water therefrom into said ditch. Upon the evidence disclosing these facts, the court below, after the hearing, dismissed appellant's bill and taxed him with the costs.

Appellant appeals to this court and insists that under the statute of June 4, 1889, in force July 1, 1889, Hurd's Statutes of Illinois, 1895, p. 656, appellee Richmond would have no right to connect the tiles of said Dobbins and Johnson with his, and then cause the waters therefrom to flow through this ditch in his land, without the consent of all those who contributed to the construction of the ditch. But we do not so understand the law to be. We are satisfied from the facts proven on the hearing

of this proceeding, that the lands of appellees were the dominant lands, and that of appellant was the servient land, and on that account appellees had a clear right to drain the waters that fell upon their lands and naturally flowed upon the lands of appellant, through tiles laid into their land opening into a ditch upon appellant's land, which ditch was opened along the natural water-course through appellant's land; especially as the evidence shows that appellant's land was not injured by having the water brought to said ditch by tiles, instead of open ditches as before the tiles were laid. See Peck et al. v. Herrington, 109 Ill. 611; Wilson v. Bondurant et al., 142 Ill. 645; Lambert et al. v. Alcorn, 144 Ill. 313.

Therefore we think the court below committed no error in dismissing appellant's bill herein, and we affirm its decree.