# MICHAEL J. EICH *et al.*

## *v.*

# AUGUST SIEVERS.

1. CONSIDERATION—*burden of showing, as to note.* If the consideration as to part of a promissory note is sought to be impeached, the burden of proof to show the real consideration will rest upon the defendant setting up the defense.

2. SAME—*proof must show what part is illegal.* If parties, when sued upon a promissory note, allege that a portion of its consideration was illegal, being for intoxicating liquors sold by the drink to one of the makers, contrary to the statute, it is incumbent on them to show by proof what part of the consideration was illegal.

3. JOINDER OF PARTIES—*administrator with others.* In a suit upon a promissory note, against several makers, where the principal dies and his death is suggested, it is improper to make his administrator a co-defendant with the others.

4. EVIDENCE—*competent as to part of the parties, but not as to others.* If the testimony of a party plaintiff is competent as to one defendant, but not as to another, who defends in a representative capacity, the court can not exclude the same, but its effect in such case may be limited and controlled by instructions from the court.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. WM. T. BUTLER, for the appellants.

Mr. E. F. ALLEN, and Mr. CHARLES H. BARM, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action is upon two promissory notes, with warrant of attorney attached, upon which judgment was confessed, but afterward set aside on the application of defendants, and leave given to make defense. In the meantime Peter Eich, the principal maker of the notes, having died, Michael J. Eich, the administrator of his estate, was substituted, and the suit thereafter progressed against the administrator and the other maker.

With the general issue defendants filed a notice, under the statute, they would prove on the trial the notes were obtained by wilful misrepresentation, and without consideration, except as to the sum of $200.

There is a total want of evidence to sustain the first branch of the alleged defense. No witness, not even Mrs. Schuerman, testifies to any false representations, either wilful or otherwise, made to her to induce her to sign either of the notes. She knew she was signing the notes as security for her son, and deliberately assumed the obligation.

The other branch of the defense is sought to be made out by proof, the largest portion of the consideration of the notes was for intoxicating liquors, sold by the drink to Peter Eich, in his lifetime, and was therefore illegal, because prohibited by the statute..

The burden of proof rested upon the defendants to show the real consideration of the notes. They allege a portion of it was illegal, being for intoxicating liquors sold contrary to the statute. It was for them to show how much, if any, of the consideration was in fact illegal. Confessedly, a part of the consideration for which the notes were given was valid, being for money loaned and for lunches furnished to Peter Eich.

On the trial but two witnesses were examined for the defense, and these were the defendants themselves. Neither of them pretends to state that any specific amount of the accounts for which the notes were given, was for intoxicating liquors sold by the drink. Disregarding all the other testimony in the case, and giving credit alone to evidence of defendants, how much of the consideration of these notes was the jury authorized to say was illegal? It is a matter of mere conjecture. Neither approximately nor directly was it shown any certain sum, included in the notes, was for intoxicating liquors, sold by the drink to Peter Eich, in his lifetime. Nor were any facts proven from which the jury could, with any degree of accuracy, estimate the amount. That some portion of the consideration was illegal, for the reason suggested, we have no

doubt; but what portion, is not shown by any evidence in the case.

At the date of the trial nearly $300 of interest had accrued on the notes. This the jury deducted, and found a verdict for the principal only. For aught that appears, this sum is equal to the illegal consideration included in the notes. Viewing the evidence in the most favorable light for appellants, that sum is quite as much as the jury was authorized to deduct on that account.

It is objected, it was not competent for appellee, of his own motion, to become a witness in his own behalf, for the reason one of the adverse parties was defending as administrator. The difficulty arises out of the fact, the administrator of Peter Eich was improperly joined with the surviving maker of the notes as a co-defendant. After the death of Peter Eich was suggested and his administrator made a party, appellants pleaded to the merits of the action, without objection as to the improper joinder of parties. The action of the court in making the administrator a co-defendant, and rendering a joint judgment against him and the surviving maker of the notes, has neither been assigned nor suggested as cause of error. The evidence, however, was competent as against Mrs. Schuerman, the other defendant, and being admissible on one ground, the court could not exclude it. The effect, if injurious to a co-defendant, could be controlled by instructions from the court. But if the evidence was improperly admitted, we can see it did appellants no injury. As before said, as much was deducted from the notes as the most favorable construction of the evidence would warrant.

The judgment must be affirmed.

*Judgment affirmed.*