JOHN SAVARD, APPELLANT, v. J. C. HERBERT, APPELLEE.

1. WHEN PLAINTIFF MAY TESTIFY THOUGH ADVERSE PARTY DEFENDS AS TRUSTEE.—The plaintiff entered into a contract to perform certain services for a partnership firm composed of two persons, both of whom were present on the occasion, whereby it was agreed that he was to receive a certain compensation. He subsequently brought suit for the compensation, but before trial one of the partners died. This event did not render the plaintiff incompetent to testify to the making of the contract, under the statute, although the other partner defended the action for himself, and as trustee of the heirs at law and of the administratrix of the estate of the deceased partner.

2. LIABILITY FOR DEBTS OF A COPARTNERSHIP.—A partnership firm, and not the estate of a deceased partner, is primarily responsible for the debts of the partnership; and while a surviving partner is entitled to defend suits brought against the firm, he is not entitled to defend in the character of trustee of the heirs at law, or trustee of the administrator of the estate of the deceased partner.

*Appeal from District Court of Arapahoe County.*

Mr. HENRY C. CHARPIOT and Mr. W. M. MAGUIRE, for appellant.

Mr. E. W. WAYBRIGHT, for appellee.

RICHMOND, P. J.   This action was instituted by J. C. Herbert, plaintiff below, against Joseph Roy and John Savard, copartners as Roy & Savard.   Prior to the rendition of

judgment Joseph Roy died and John Savard defended the suit for himself, and as trustee of the heirs at law, and of the administratrix of the estate of Joseph Roy. The complaint alleges that on May 22, 1889, plaintiff made a contract with the defendants Roy & Savard, to act as their agent in the sale of stone, for which he was to receive as his compensation ten per cent of the proceeds of all stone sold or procured to be sold by him south of Castle Rock in the state of Colorado. Plaintiff asks for judgment in the sum of $450.

Answer was filed, admitting the copartnership and the employment of the plaintiff by the defendant, and specifically denying each and every other allegation in the complaint. And further alleges that there was a settlement of accounts between the parties, at which time there was found due to plaintiff the sum of $54.33, which sum was paid to the attorney of plaintiff, and accepted in full satisfaction of all claims and demands against the defendants.

The cause was tried to a jury, and resulted in a judgment in favor of plaintiff for the sum of $203.18. Motion for a new trial was overruled and judgment entered upon the verdict. To reverse which judgment this appeal is prosecuted.

During the trial of the cause the plaintiff was permitted to testify to the contract entered into between him and the firm when both members of the firm were present. It is contended that this testimony was inadmissible, for the reason that John Savard was defending not only as the surviving partner of the firm of Roy & Savard, but also as trustee of the heirs at law and the administratrix of the estate of said Joseph Roy, and consequently any testimony relative to conversations tending to establish a contract wherein Roy was a party was inadmissible under the provisions of the statute.

The sections of the statute referred to read as follows:— Section 3641, Gen. Stats., p. 1060: " That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as

the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless when called as a witness by such adverse party so suing or defending "* * *.

Section 3643. "That in any action, suit or proceeding, by or against any surviving partner or partners, joint contractor or contractors, no adverse party or person adversely interested in the event thereof, shall, by virtue of section one of this act, be rendered a competent witness to testify to any admission or conversation by any deceased partner or joint contractor, unless some one or more of the surviving partners or joint contractors were also present at the time of such admission or conversation."

If this contention be upheld, it occurs to us there could be no recovery against a firm when the death of a member of the firm should occur pending litigation. Here the testimony discloses the fact to be, that during the life of the firm the plaintiff entered into a contract whereby he was to receive a certain compensation for certain services rendered; that the contract was made between him and both members of the firm, both members being present; that suit was instituted to recover for a sum of money claimed by plaintiff to be due under such contract. Now, because the court saw proper to direct that the surviving partner should act in the representative capacity of trustee for the heirs at law and the administratrix, a position the law placed him in without such order, it is said that this testimony is inadmissible because it comes within the provisions of section 3641.

Section 3643 clearly indicates, that where the suit is brought against any surviving partner or joint contractor, that the testimony relative to any admission or conversation by the deceased person or joint contractor shall not be admitted *unless some one or more of the surviving partners or joint contractors were present at the time of the admission or conversation.*

There is no escaping the conclusion that this testimony

was clearly admissible, because it is shown that it was made when both partners were present,—the deceased partner and the surviving partner. If the conversation had not been made in the presence of the surviving partner, then the contention of appellant would be correct. It is true that the surviving partner, as the representative of persons having an interest in the share of the deceased partner, has duties which he must conscientiously discharge, and it may thus devolve upon him to defend all suits against the partnership. Yet to the extent of the legitimate debts and obligations of the firm, the firm and not the individual estate of the deceased partner is primarily responsible.

In the case of *Eich et al. v. Sievers*, 73 Ill. 194, this question has received consideration. "It is objected, it was not competent for appellee, of his own motion, to become a witness in his own behalf, for the reason. one of the adverse party was defending as administrator. The difficulty arises out of the fact—the administrator of Peter Eich was improperly joined with the surviving maker of the notes as a co-defendant. After the death of Peter Eich was suggested, and his administrator made a party, appellants pleaded to the merits of the action without objection as to the improper joinder of parties. The action of the court, in making the administrator a co-defendant and rendering a joint judgment against him and the surviving maker of the notes, has neither been assigned nor suggested as a cause of error. The evidence, however, was competent as against Mrs. Schuerman, the other defendant, and being admissible on one ground, the court could not exclude it. The effect, if injurious to a co-defendant, could be controlled by instructions from the court."

It occurs to us that this is somewhat analogous to the case at bar. The necessity of the surviving partner defending as trustee of the heirs at law, and of the administratrix, was wholly unwarranted. The testimony was legitimate and admissible for the purpose of establishing a partnership obligation against which Savard was entitled to defend as the

surviving partner, and was admissible against him.   Hence
it would have been error to have excluded it.

The question of transfer, by the plaintiff, of his contract,
and thereby having terminated his agency, seems to have
been involved at the trial and duly passed upon by the jury,
at least the record so informs us, and we are not prepared,
under the rules of practice of this court, to interfere with
the verdict under the circumstances.   Nor is it actively
urged by the attorneys in their brief on the part of appel-
lant.   As they say, the whole question presented by the
record is this : Is the testimony of a plaintiff as to the con-
versation had with a deceased partner, in the presence of a
survivor, admissible in a suit in which the surviving partner
is defending in the double capacity of surviving partner and
as trustee of the heirs at law ?   Having determined that this
testimony was admissible under the statute, and seeing no
error which warrants a reversal of the judgment, the judg-
ment will be affirmed.

*Affirmed.*