## J. S. Johnson v. James Cunningham and Thomas Williams, Executors of Thomas Hoopes, Deceased, and John Watts.

1. DRAINS AND DITCHES—*Constructed by Mutual Consent.*—The act of the General Assembly approved June 4, 1889, entitled, "An act declaring legal drains heretofore or hereafter constructed by mutual license, consent or agreement, by adjacent or adjoining owners of land, and to limit the time within which such license or agreement heretofore granted may be withdrawn," was intended to enlarge the rights of drainage as between adjoining landholders, and to protect drains continuous in their character and purpose for the mutual benefit of the lands affected wherever they had been constructed by license or consent,

though without written authority. Drains not within the purview of the act are not protected by it.

2. SAME—*Obstructing—Burden of Proof.*—In an action for obstructing a ditch or drain not coming within the provisions of the act of June 4, 1889, before the plaintiff can recover, he must show that the ditch or drain obstructed was along or part of a natural watercourse.

3. WITNESSES—*Adverse Party Defending as an Executor.*—Sec. 2,. Chap. 51, R. S., entitled, "Evidence and Depositions," prohibits the testimony of a party in his own behalf when any adverse party sues or defends as an executor of a deceased person, and is a limitation upon the preceding section which removes the disqualification of a party litigant to testify in his own behalf.

4. PARTIES—*Tort Feasors, at Common Law and Under the Statute.*— At common law the death of a *tort feasor* abated the action as to him. Under the statute the action may survive against the personal representative, but he can not be joined with a surviving *tort feasor*, for one is chargeable *de bonis testatoris* only, and the other *de bonis propriis.* There can be no judgment against them jointly.

5. SAME—*Misjoinder, Objection, When to be Made.*—The objection that there is a misjoinder of parties may be made by demurrer, or in arrest of judgment, or upon error.

6. EVIDENCE—*Exclusion of Proper, Not Always Reversible Error.*— The exclusion of competent evidence which, had it been admitted, could have availed the party offering it nothing, is not such error as will justify reversal.

**Memorandum.**—Action for obstructing a drain. In the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for defendants; appeal by plaintiff. Heard in this court at the November term, 1894, and affirmed. Opinion filed February 11, 1895.

SALMANS & DRAPER, attorneys for appellant.

APPELLEES' BRIEF, ALLEN & CHAMBERLIN AND H. M. STEELY, ATTORNEYS.

The right to flood the land of another, whether from the dripping off the roof of a building or otherwise, is an interest in the land, and a parol license or agreement giving such right is within the statute of frauds, and void. Chapter 59, Sec. 2, R. S.

Such a license is revocable at any time. Tanner v. Valentine, 75 Ill. 624, and cases cited.

Mr. Presiding Justice Wall delivered the opinion of the Court.

This was an action on the case by Johnson against Cunningham & Williams, executors of Hoopes, deceased, and John Watts. The declaration alleged that the deceased, Hoopes, and the defendant, Watts, had, during the lifetime of said Hoopes, negligently and carelessly filled a certain ditch, theretofore opened by the plaintiff across the land of said Hoopes, by the consent and permission of the then owner of the land, who afterward sold to Hoopes, which said ditch was constructed along a natural watercourse, and being connected with a ditch or drain on the plaintiff's land, was useful to the plaintiff in draining his land, and that by reason of said action of said Hoopes and said defendant, Watts, the plaintiff, had been damaged, etc. There was a plea of not guilty, and upon a trial by jury, the verdict was for the defendant. A motion for a new trial interposed by the plaintiff was overruled and judgment was entered against the plaintiff for cost, from which the present appeal is prosecuted.

The appellant contends that according to the preponderance of proof, he maintained the substantial averments of his declaration. He does not contend that the ditch referred to was a natural outlet, but claiming that while it is immaterial whether it was a natural or an artificial outlet, it was constructed in the general direction of, or along, a natural outlet. He does not, in terms, rely upon the act of June 4, 1889, as authorizing him to insist upon the continuance of the ditch. That act was intended to enlarge the rights of drainage as between adjoining land holders and to protect drains continuous in their character and purpose for the mutual benefit of the lands affected whenever they had been constructed by license or consent, though without written authority. Wilson v. Bondurant, 42 Ill. App. 603; S. C., 142 Ill. 645. We think it very doubtful from the proof whether this drain was within the purview of that act.

It hardly attained the character of a continuous drain for mutual benefit, and was rather a ditch made on the land of

Hoopes for the purpose of carrying away water accumulating on the land of the plaintiff, and was merely an artificial outlet for such accumulation, and of no mutual benefit to the lands of plaintiff and Hoopes.

The plaintiff evidently so regarded it, for he distinctly alleged in his declaration that it was along a natural watercourse. He did not attempt, by his averments, to bring himself within the provisions of the act of 1889. Had he done so the averment that it was a natural outlet might have been regarded as surplusage and proof thereof not indispensable to recovery.

In view of the averments of the declaration and of the state of the proof we are of opinion that the court properly instructed the jury that the plaintiff must prove that the ditch was along and a part of a natural watercourse, and properly refused instructions ignoring this requirement.

The question of fact upon this point was fairly for the jury, as was also the further question presented by the proof offered by defendants, tending to show that whatever was done by Hoopes and the defendant Watts was by the consent of the plaintiff, who undertook to find another outlet by a drain along his west line to a ditch in the highway.

Upon the trial the plaintiff was offered as a witness in his own behalf, and was objected to because the defendants, Cunningham and Williams, were sued in the capacity of executors of Hoopes, the deceased. It seems to have been understood that his proposed testimony related to matters occurring in the lifetime of Hoopes and on this ground his evidence was excluded. This ruling of the court is now assigned as error.

We have been referred to no adjudication by the Supreme Court upon this point and in our investigation have found only the case of Eich v. Sievers, 73 Ill. 194.

In that case the action was upon promissory notes, signed by Eich and Schureman, and the former having died pending the suit, his administrator was substituted, and the suit thereafter progressed against the administrator and the other maker. On the trial the plaintiff was permitted to

testify in his own behalf and error was assigned upon this ruling. The Supreme Court said in reference to the point, that the difficulty arose out of the fact that the administrator of the deceased maker was improperly joined with the surviving maker as a co-defendant, and that no error had been assigned upon the action of the trial court in permitting such joinder or in rendering a judgment jointly against the administrator and the surviving maker, and added that the evidence was competent against the surviving maker, and being admissible on that ground the court could not exclude it; that its effect, if injurious to a co-defendant, could be controlled by instructions, but that even if improperly admitted no harm was done, because the defense had been favored by the verdict as far as justified by the proof regardless of the plaintiff's testimony. So it may be said that the ruling as to the competency of the evidence was unnecessary in the view taken by the court of the whole case. The statute, Sec. 2, Ch. 5, prohibits the testimony of a party in his own behalf when any adverse party sues or defends as an executor of any deceased person. This provision is a limitation upon the preceding section which removes the disqualification of a party to be a witness for himself.

But for the intimation in Eich v. Sievers, *supra*, we should be inclined to hold that the plaintiff's testimony was properly excluded. Conceding, however, that there was error in its exclusion we are of opinion that the judgment should not be reversed on this account.

It has already been stated that the alleged cause of action was the tortious act of Hoopes and Watts, and the suit was brought against the latter and the personal representatives of Hoopes who had died.

At common law the death of Hoopes would have abated the action as to him, and though by our statute the action may survive against the personal representative, yet it must be clear that he can not be joined with a surviving tort feasor, for the reason that one is chargeable *de bonis testatoris* only and the other *de bonis propriis*, and so there can be no judgment against them jointly.

The objection that the parties were misjoined may be made by demurrer or in arrest or on error.

It follows that the plaintiff could not recover against the defendants jointly for the cause alleged in the declaration, and therefore, as the pleadings were made up, the only valid judgment that the court could render was for the defendants.

Hence, the judgment should not be reversed because of the supposed error in excluding evidence. The judgment is affirmed.