## Samuel R. Callaway, Receiver, and Wesley Kemp, v. George Walters.

1. PRACTICE—*Exceptions Must be Preserved, etc.*—The refusal of the court below to transfer the case to the United States Court can not be reviewed in this court when the bill of exceptions does not include

the petition, affidavit and bond, or show that any exception was taken to the action of the court on the motion.

2. SAME—*Shifting Grounds.*—A party having procured the law to be announced to the jury can not be permitted to assign the same for error and thus question the correctness of a rule declared at his request.

3. SAME—*Questions of Misjoinder Must be Raised in the Court Below.*—The objection that the defendants are not jointly liable must be made in the trial court. It can not be made in the first instance in the Appellate Court.

4. RAILROADS—*Duty Toward Trespassers.* —The fact that a person is a trespasser upon the track of a railroad company does not relieve its servants from the duty of making use of reasonable efforts to avoid injuring him upon discovering that he is in danger.

5. SAME—*Presumption as to Persons Trespassing upon the Track.*— The engineer in charge of a locomotive engine can not assume that a person trespassing upon the track will leave it in time to escape, and upon such assumption continue on with his train until he discovers such person is heedless of his danger.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 21, 1895.

## STATEMENT OF THE CASE.

On the third day of June, 1893, the appellee, and one Goldie M. Spurgeon, his niece, a child not quite ten years of age, while walking along the track of the Toledo, St. Louis & Kansas City Railroad, upon a bridge constructed by said railroad company over Kickapoo creek, in Coles county, Illinois, were run upon by an engine drawing a train of passenger coaches.

The girl was instantly killed, and the appellee was thrown from the bridge to the ground, a distance of about twelve feet, his right leg broken and other injuries less serious inflicted upon him. They were using the bridge for purposes of their own convenience, and were trespassers upon the track.

The appellant, Callaway, as receiver, under appointment by the United States Circuit Court for the Southern District of Illinois, was then operating the railroad, and the appellant, Kemp, was in his employ as locomotive engineer, and

was controlling the engine which struck the appellee and the child.

This was an action on the case, brought by appellee to recover damages for the injuries sustained by him.

He obtained a judgment in the sum of $2,500, from which this appeal has been prosecuted.

W. P. TYLER and CHARLES G. GUENTHER, attorneys for appellants; CLARENCE BROWN, of counsel.

A trespasser on a railroad track can not recover for injuries inflicted by the company, unless the injury was willfully or wantonly caused by the defendant, or unless the defendant is chargeable with such gross negligence as evidences willfulness. Eggman v. St. Louis, A. & T. H. R. Co., 47 Ill. App. 507; Blanchard v. L. S. & M. S. Ry. Co., 126 Ill. 416; Ill. Central v. Hetherington, 83 Ill. 510; Ill. Central v. Godfrey, 71 Ill. 500; S. C., 22 Am. Rep. 112; Barstow, Adm'r, v. Old Colony R. R. Co., 143 Mass. 535; C., C., C. & St. L. Ry. Co. v. Tartt, 64 Fed. Rep. 823; Roden v. Chicago & Grand Trunk R. R. Co., 133 Ill. 72; 23 Am. St. Rep. 585; Dillon v. Connecticut River Ry. Co., 154 Mass. 478; Missouri Pac. Ry. Co. v. Moseley, 57 Fed. Rep. 921, 922; Kirtley v. Chicago, M. & St. P. Ry. Co., 65 Fed. Rep. 386, 392; Illinois Central R. R. Co. v. Noble, 142 Ill. 587; Abend v. T. II. & I. R. R. Co., 111 Ill. 202.

An engineer is not required to keep a lookout for trespassers upon the right of way and track of the company, and the extent of his duty to the trespasser is only to exercise ordinary care to avoid a collision after he discovers that such trespasser is in a perilous position. Terre Haute, etc., Co. v. Graham, 95 Ind. 286; 12 A. & E. R. Cas. 77; St. Louis, I. M. & S. Ry. Co. v. Monday, 4 S.W. Rep. 782; McAllister v. Burlington, etc., R. R. Co., 64 Iowa, 395; Amer. & Eng. Ency. of Law, Vol. 19, p. 936; Thomas v. Chicago, M. & St. P. Ry. Co., 61 N. W. Rep. 967. (Decided January 18, 1895.)

The engine driver seeing a person on the track is not negligent in not stopping the engine before striking him, unless

Callaway v. Walters.

he has reason to believe the person can not, or being un-
aware of his danger, probably will not get off. Ill. Central
R. R. Co. v. Frelka, 9 Ill. App. 605; C., I., St. L. & C. Ry.
Co. v. Long, Adm'r, 112 Ind. 166; St. L., etc., R. R. Co. v.
Manly, 58 Ill. 300; Beach Con. Neg. 394; Telfer v. Northern
R. R. Co., 30 N. J. Law, 188; Louisville & N. R. Co. v.
Black, 8 Southern, 246; Herring v. Wilmington & R. R. R.
Co., 51 Am. Dec. 895; Indianapolis & V. R. R. Co. v. McClaren,
Adm'r, 62 Ind. 566, on page 568; C., R. I. & P. R. R. Co. v.
Austin, 69 Ill. 426; Railroad Co. v. Hall, 72 Ill. 224; Rail-
road Co. v. Modglin, 85 Ill. 481.

HUGHES & HAYES, and J. W. CRAIG, attorneys for appellee.

A railroad is not required to anticipate the presence of
unauthorized persons upon its tracks nor to constantly ex-
ercise vigilance in order to ascertain that the track is free,
or to discover whether or not trespassers are on the track;
its only duty in such state of case being to use every reason-
able effort to avoid injuring any one who may be discov-
ered upon the track, and not to injure any person wantonly or
willfully. Wabash Railroad Co. v. Jones, 53 Ill. App. 587.

By a verdict of a jury upon a question of fact alone, when
fairly submitted, the successful party obtains certain rights
which are recognized by the law, and such verdict must
stand, although it may appear to be against the weight
of evidence, *unless it is apparent upon the face of the record
that the jury were actuated by passion or prejudice.* Shel-
ton v. O'Reiley, 32 Ill. App. 641.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

We can not review the refusal of the court to transfer
the case to the United States Circuit Court for the reason
the bill of exceptions does not include the petition, affida-
vit and bond, or show any exception was taken to the rul-
ing of the court upon the motion to transfer the cause.
Mer. Des. Trans. Co. v. Joestling et al., 89 Ill. 152.

The declaration contained several counts but the evidence
for the appellee applied only to those which proceeded
upon the theory the engineer saw the appellee upon the

bridge and failed to exercise ordinary care to avoid strik-
ing him.

Whether liability can be legally predicated upon the mere
failure of the engineer to exercise ordinary care to avoid
injuring a trespasser discovered by him upon the track and
in danger can not be regarded as an open question in this
case for the reason the parties hereto are concluded as to
the point by the instructions which they respectively pro-
cured the court to give to the jury.

The appellants asked, and at their instance the court
gave the following instructions:

"9. You are instructed that if it appears from the evi-
dence in this cause that the plaintiff was a trespasser upon
the track or bridge of the defendant receiver, at the time
he was struck and injured, then said defendant receiver was
not required and the law did not impose any duty what-
ever upon his engineer to discover the plaintiff's presence
upon the same, but only required him after he discovered
the plaintiff and had knowledge that he was in a perilous
position, to exercise reasonable care and prudence to avoid
collision; and if it further appears that the engineer did ex-
ercise such care and prudence and did everything within
his power to prevent the train from colliding with said
plaintiff after he discovered him, then your verdict must be
for the defendants.

10. The defendants are liable in this case only if the en-
gineer failed to exercise ordinary care to prevent the injury,
after he became aware of the danger to which plaintiff was
exposed, and by ordinary care is meant such care as would
be ordinarily used by a prudent person performing a like
service under similar circumstances."

Other instructions given in the same behalf enunciated the
same legal principles in different phraseology.

Instructions given on behalf of the appellee were to the
like effect but stated the rule more favorably to the appel-
lants in this, that they declared the right of appellee to re-
cover to be dependent upon the exercise by him of ordinary
care for his own safety at the time he received his injury.

Having procured the law to be so announced to the jury, the appellants can not be permitted to assign same as for error and thus question the correctness of a rule declared at their request. Con. Coal Co. v. Haenni, 146 Ill. 621.

Moreover the doctrine of the instructions is supported by decisions of our Supreme Courts and by text writers of standard authority. L. S. & M. S. R. R. Co. v. Bodemer, 139 Ill. 605; I. C. R. R. Co. v. Noble, 142 Ill. 587; Deering, Law of Neg., p. 607.

This court so accepted and declared the rule in Wabash R. R. Co. v. Jones, 53 Ill. App. 587, now pending in the Supreme Court on appeal.

Appellee acted with great imprudence in going upon the bridge, more especially as he knew a train was soon due to pass over it.

But this could not be held to relieve the engineer from the duty to use every reasonable effort to avoid injuring him after discovering he was in danger.

It clearly appeared, indeed, the engineer testified he saw appellee upon the bridge.

The vital question then arose whether the requisite care and diligence was exercised to avoid injuring him.

This was a question of fact. We have carefully read the evidence bearing upon it.

It was conflicting, but that tending to support the charge the engineer was derelict, amply justified the court in refusing to grant appellant's motion to take the case from the jury.

The bridge crossed the stream from north to south. The train was moving south and the appellee and the little girl were walking in the same direction.

They were, when struck by the engine, within twenty or thirty feet of the south end of the bridge. It was 400 feet in length and the engineer saw appellee walking upon it when the engine was at a point 800 feet north of its northern end and nearly 1,200 feet north of the point where appellee was when the engine ran upon him. It appeared the engineer shut off steam from the engine when he discovered

appellee upon the bridge, but the evidence tended very strongly to show he failed then to take other effective and safe means within his power to stop the train.

He applied the air brakes, but only in the "service stop" which is used for checking up a train when approaching a station where it is designed to stop. The engine was provided with an "emergency stop," by means of which the full power of the brakes might have been exerted and the motion of the train much more speedily overcome.

He shut off the steam from the engine, but did not reverse the lever which seems would have tended to produce a backward motion of its machinery.

The fireman testified the engine was thus allowed to "drift" down to the north end of the bridge or near that point, and then the engine was reversed and the brakes applied in the "emergency stop." A passenger on the train testified he did not observe any slacking in the speed of the train except a sudden and severe shock after the train was upon the bridge.

A witness who was traveling on a highway which crosses the railroad 400 feet north of the bridge testified he did not notice any checking of its speed until it was upon the bridge. Another witness who was upon the highway approaching the railroad from the west testified the train dashed across the highway crossing at a high rate of speed, thirty or forty miles per hour, in his judgment.

There was, therefore, evidence warranting the jury in concluding the engineer failed to use the means provided for stopping the motion of the train until the north end of the bridge was reached. These means were then used but it was too late.

The engineer testified he thought appellee was "a bridge repairer," and supposed he would step from the track and stand upon the timbers of the bridge while the train was passing as he said it was the custom of such workmen to do, and therefore did not act as promptly as he otherwise would, but that when he saw the little girl he realized his error, and at once put in operation every appliance pro-

vided to stop the train, but could not do so in time to avoid a collision.

Out of this testimony arose a contention of fact whether reasonable diligence was exercised.

It was peculiarly the province of the jury to determine it.

Manifestly, we can not, in view of all the evidence, say their finding was palpably wrong.

Complaint is made the court refused the following instruction asked by appellants:

"17.  If you believe from the preponderance of the evidence in this case that the plaintiff of his own convenience, and that of Goldie Spurgeon, a child of tender years in charge of said plaintiff, at or before the time the plaintiff was struck, was walking along the track, he was not a lawful traveler thereon, and had no right there, and the defendant receiver was under no obligation to give him or said Goldie Spurgeon the right of way over his track in preference to his train; and if the plaintiff at and before he was struck was walking with said Goldie Spurgeon on or near the track, and in consequence of so walking along or on the track the said Goldie Spurgeon was placed in danger, and the plaintiff tried to rescue her and was hit, you must find for the defendant unless the injury was willfully inflicted."

It ought not have been given.

Whatever the appellee did toward assisting the little girl to escape could only have been important for consideration in connection with all the other facts and circumstances in proof bearing upon the question whether he exercised ordinary care to secure his own safety.

It was not competent for the court to select one fact and declare negligence therefrom as a matter of law.

Appellee might have "tried to rescue" the girl without incurring additional danger, and surely the court ought not have directed the jury that as matter of law plaintiff could not recover if he made any effort to assist her.

The court also refused to instruct the jury, an engineer may assume a person trespassing upon the road will leave

the track in time to escape, and may continue to run his train until he discovers such person is heedless of danger.

We know of no rule of law thus regulating the conduct of an engineer.

The law is, he must exercise ordinary care to avoid injuring any one discovered by him to be upon the track and in danger.

Doubtless, in most instances, the engineer may as matter of fact assume a person walking on the track will step off before the train reaches him, but we do not think such assumption could have been safely indulged in the instance at bar. Appellee, as the engineer well knew, was upon a bridge; and any assumption that might be indulged in as to a person walking where he could with safety leave the track by stepping upon the ground to the right or left could not be entertained, but rather it ought to be assumed a person on a bridge must pass along the track until he could reach the end of the bridge.

The fourth instruction asked by appellants, and refused, presented no principle of law not fully and correctly given in other instructions.

The court gave fourteen instructions in behalf of appellants, covering fairly and fully the law of the case.

The complaint that improper evidence was admitted, is based upon the contention that a witness was allowed to answer a hypothetical question which, as it is alleged, assumed facts not proven.

The intendments to be drawn from the proofs, in our opinion, were such as to warrant the court in allowing the witness to answer.

The complaint the court refused to allow the witness Johnson to answer whether it was the " custom or habit of bridge carpenters to step out on the caps when a train is passing " is groundless. The witness answered the question fully, so far as it related to the case, and was cross-examined thereon.

We see no reason to regard the damages as excessive.

The objection, the appellants are not jointly liable, was

not made in the trial court, and can not be first raised here. The judgment being against Callaway as receiver, and against Kemp as an individual, and awarding general execution against both, is an anomaly. But a misjoinder, and the consequence thereto, if the plaintiff should succeed, was not suggested in the lower court by demurrer or plea in the motion for a new trial, or by motion in arrest, or otherwise, and the irregularity of the judgment is not specifically assigned for error in this court.

We therefore decline to consider any suggestion in relation to the question. Eich v. Severs, 73 Ill. 194.

The judgment must be, and is, affirmed.