## Susan K. Antrim, Appellant, v. Thomas Noonan et al., Appellees.

## Gen. No. 5,882.

1. LIMITATION OF ACTIONS, § 68*—*when amended count does not state new cause of action.* In an action for injuries sustained by the negligent driving of an automobile, where an original count in the declaration alleged that the automobile was driven at a dangerous rate of speed which was in excess of twenty miles per hour, *held* that an amendment to such count charging for the first time that the automobile was run at a rate of speed in violation of the statute did not state a new cause of action, the original count stating a rate of speed which was in fact a violation of the statute.

2. LIMITATION OF ACTIONS, § 68*—*when counts may be amended without stating a new cause of action.* Where one of the original counts alleges as negligence the driving of an automobile at a dangerous rate of speed, other counts may be amended so as to include such element of negligence, and such amended counts do not state a new cause of action.

3. LIMITATION OF ACTIONS, § 68*—*when proposed amendment of declaration not statement of new cause of action.* In an action for personal injuries sustained by plaintiff resulting from a buggy in which plaintiff was riding being struck by an automobile, where the original declaration charged that plaintiff was thrown down and her knee then and there dislocated, *held* that to permit the striking out of an allegation that the buggy was thrown against her leg and thereby her knee was dislocated and the insertion in lieu thereof of an allegation that the actions of the frightened horse threw plaintiff upon the floor of the bridge and thereby her knee was dislocated would not cause the amendment to state a new cause of action.

4. AUTOMOBILES AND GARAGES, § 3*—*when direction of verdict improper.* In an action against the owner of an automobile and the driver thereof for personal injuries, a direction of a verdict for defendant at the close of plaintiff's evidence *held* to have been error under the facts of the particular case.

5. DAMAGES, § 173*—*when evidence of physician's bill paid by plaintiff's husband inadmissible.* In an action by a wife for personal injuries where plaintiff sought to prove the amount of bills incurred by her with a physician and her nurse, *held* that the evidence was properly excluded where it was disclosed that plaintiff's husband had paid the bills.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

6. WITNESSES, § 122*—*when defendant conservator competent for plaintiff.* In an action against the owner of an automobile and the driver thereof for personal injuries, a conservator appointed for the owner and made a party defendant pending suit, *held* a competent witness to testify for plaintiff.

7. WITNESSES, § 95*—*when plaintiff incompetent in suit, against conservator and another.* In an action against the owner and driver of an automobile for personal injury where a conservator was appointed for the owner and made a party pending suit, *held* that plaintiff was incompetent as a witness in her own behalf as against the owner or the owner's conservator, and that plaintiff could testify to nothing which would tend to make a case against the driver without also tending to make a case against the owner, so that a verdict against both owner and driver would stand.

Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

A. C. NORTON and F. A. ORTMAN, for appellant.

E. A. SIMMONS and H. E. TORRANCE, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

On June 20, 1908, Glenn Antrim was driving east upon a bridge over Vermillion River in Livingston county in a buggy drawn by a horse, and his mother, Mrs. Susan K. Antrim, was seated at his left side. After they were some considerable distance in upon the bridge an automobile approached, driven at rapid speed. Glenn got out of the buggy and took his horse by the head. The horse reared and backed and was struck by the automobile. Mrs. Antrim was much frightened and attempted to alight. In doing so, she was thrown to the floor of the bridge and her right knee was dislocated. The after effects were very serious. The automobile was possessed and controlled by Mrs. Adele L. M. Carothers and she was riding therein,

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

and it was driven by Thomas Noonan, and two other persons were in the automobile. Mrs. Antrim brought this suit against Noonan and Mrs. Carothers to recover damages for her injuries and had service upon both defendants and filed a declaration containing nine counts. Afterwards, Mrs. Carothers became insane and A. M. Legg was appointed her conservator and was made a party to the suit by amendment to the declaration and was served with summons, and filed pleas for Mrs. Carothers. The suit was begun on June 17, 1910, and the declaration was filed on June 18, 1910, both within two years after the injury. On February 24, 1913, by leave of court, each count of the declaration was amended on its face in red ink. Each defendant filed a plea of the general issue and also a plea that the cause of action in the amended declaration did not accrue to plaintiff within two years next before the amendment of said declaration and that said amendment set up a new cause of action not alleged in the original declaration. To each of these second pleas plaintiff replied that said causes of action did accrue to her within two years next before the commencement of the suit. To this replication to the second pleas, the defendants demurred. The court held that the third count, as amended in red ink, stated a new cause of action, barred by the statute of limitations, and sustained the demurrer to the replication to the pleas of the statute of limitations, so far as it affected said third count, and overruled said demurrer as to the replication to the second pleas as to all the other counts. The assignments of errors and cross-errors question these rulings. As to all the counts except the third, the amendment in red ink first alleged a duty of the defendants to drive said automobile at a safe and reasonable rate of speed and not at a dangerous rate of speed, and alleged in most of them that the automobile was driven at a dangerous rate of speed. The original third count alleged that the automobile was driven at a dangerous rate of speed.

Therefore the element of dangerous rate of speed was stated as a cause of action in the declaration before the expiration of two years from the injury. It was therefore competent to amend the other counts at any time, so as to include that element of negligence. When the facts are stated from which an inference of a duty arises and of a violation thereof, it is not necessary to state specifically what the duty was that was violated. The amendment to the third count charged for the first time that the automobile was run at a speed which violated the statute. But the original third count alleged a rate of speed in excess of twenty miles per hour, to wit, thirty miles per hour. The statute in force when this accident happened was the motor Vehicle Act of 1907, and section 10 (J. & A. ¶ 10010) thereof provided that upon any public highway in this State situated as this highway was, a motor vehicle should not exceed a speed of one mile in three minutes, which is twenty miles per hour. We are of opinion that when the count stated a speed which was in fact a violation of the statute it was not necessary to allege in the count that that was a violation of the statute, since the statute is presumed to be known to the court and the parties. The court therefore should have overruled entirely the demurrer to each of these replications to the second pleas. As the amendments then made to the declaration did not any of them state a new cause of action, the demurrer to the replication should have been carried back and sustained to said second pleas.

Plaintiff introduced no evidence tending to establish a cause of action, unless it be in the particulars hereinafter mentioned. At the close of plaintiff's evidence, defendants presented instructions to find said defendants not guilty. After argument the court announced orally that he should give said instructions. Thereupon plaintiff asked leave to amend the first and second counts of the declaration and presented the proposed amendments in writing. The defendants

filed written objections thereto to the effect that said amendments were not presented in apt time, were dilatory, that plaintiff had not shown diligence and that the amendments set up a new cause of action, barred by the statute of limitations. The court refused leave to file the amendments and directed a verdict for the defendants, which was rendered, and a motion for a new trial was denied and defendants had judgment. Each count had stated, as an excuse for the effort of plaintiff to get out of the buggy, that she believed that there was great danger that the horse would back the buggy with plaintiff in it off the bridge into the river twenty-five feet below. Plaintiff requested leave to strike out that allegation and to insert in lieu thereof that plaintiff reasonably believed from the circumstances that there was greater danger in injury to herself by remaining in the buggy than by attempting to get out of it. The original allegation was unnecessary and that amendment was immaterial. Each count charged that the plaintiff was in the exercise of due care. What she may have thought at the time was merely evidence tending to show her exercise of due care under those circumstances. By the other amendment proposed, plaintiff asked leave to strike out an allegation that the actions of the frightened horse threw some portion of the buggy violently against plaintiff's leg, and the same was thereby dislocated at the knee, etc., and to insert an allegation that the actions of the frightened horse threw plaintiff upon the floor of the bridge and thereby her knee was dislocated. The evidence did not show that the buggy was thrown against the plaintiff's leg, but that while attempting to get out of the buggy she was thrown to the floor of the bridge and by that fall her right knee was dislocated. By section 39 of the Practice Act of 1907 (J. & A. ¶ 8576), re-enacting a provision in force for many years in this State, amendments to any pleading are allowed at any time before final judgment, so as to enable plaintiff to sustain the action

for the claim for which it was intended to be brought. If the declaration was as appellant supposes, we are unable to see that a change in the statement of the precise manner in which plaintiff's right knee was dislocated could be considered the introduction of a new cause of action. The material matter of the charge was that the negligent operation of the automobile resulted in the dislocation of plaintiff's right knee, but in fact, each count of the declaration not only stated that the actions of the frightened horse threw some part of the buggy violently against plaintiff's leg and the same was thereby dislocated at the knee, but each count also alleged that "by means whereof" (which may have meant by being struck by the buggy or by the action of the frightened horse or by the negligent operation of the automobile), "the plaintiff was thrown down and was greatly cut, bruised and wounded, and the knee of the plaintiff was then and there dislocated or partially dislocated." The original declaration therefore charged that the plaintiff was thrown down and her knee was then and there dislocated. With these allegations in the declaration, we are of opinion that to permit the striking out of the allegation that the buggy was thrown against her leg and thereby her knee was dislocated and inserting in lieu thereof the proposed amendment was not the stating of a new cause of action. In fact, each count stated two ways in which plaintiff's knee was dislocated, and the amendment only proposed to expunge one of those allegations. Very likely the amendment was unnecessary, and the action of the court in refusing to permit it proper, but, if so, then so far as that subject is concerned the cause should have gone to the jury upon the evidence submitted.

It is contended that as to Mrs. Carothers, the direction to find a verdict for her was proper, because the proof did not show that Noonan, the driver of the machine, was her servant. It was shown that as a rule her son operated her machine and that when he

did not she got Noonan to operate it; that Noonan was working for a certain company and had directions to drive Mrs. Carothers when she wanted him to do so. He was a servant loaned to Mrs. Carothers to operate the automobile, and we are of opinion there was sufficient evidence in the record so that the jury might have found that when running the automobile he was acting for her. *Consolidated Fireworks Co. of America v. Koehl*, 190 Ill. 145; *Grace & Hyde Co. v. Probst*, 208 Ill. 147; *Harding v. St. Louis Nat. Stock Yards*, 242 Ill. 444. But, if the instruction to find Mrs. Carothers not guilty was proper, that would not justify a like direction as to Noonan, who, according to the evidence, was running at a very rapid rate of speed.

Legg, the conservator, was called as a witness for plaintiff. Defendants objected to his competency. This objection was overruled. This ruling is assigned for error by the appellees, but that assignment is not argued. We are not aware of any reason why he was not a competent witness.

Plaintiff sought to prove the amount of bills incurred for her with her physician and her nurse. It was disclosed that her husband had paid those bills. The court thereupon excluded the evidence on that subject. The liability of plaintiff to her physician and her nurse had been extinguished and she was not liable to her husband therefor. She therefore cannot recover those sums, as she has not expended them and cannot be called upon to expend them. Whether her husband has a cause of action against defendants therefor is a matter not before us upon this record.

Plaintiff was offered as a witness in her own behalf. An objection was made in behalf of Mrs. Carothers and her conservator to the competency of the plaintiff as a witness. The objection was sustained, but she was held competent as to Noonan, and she testified, and the court stated that her testimony must be understood by the jury as limited to the defendant, Noonan, and that the jury should be so instructed

later. Plaintiff excepted to this ruling. She was incompetent under the statute as to Mrs. Carothers and Legg. No assignment of error or cross-error questions the ruling of the court in permitting her to testify against Noonan. Similar rulings were approved in *Eich v. Sievers*, 73 Ill. 194; *People v. Hotz*, 261 Ill. 239, on page 256; *People v. Darr*, 262 Ill. 202 on page 214; and *Johnson v. Cunningham*, 56 Ill. App. 593. But we are unable to see how the course pursued in those cases can be applicable to this case. No evidence which plaintiff gave or could give could tend to make a case against Noonan without also tending to make a case against Mrs. Carothers, but if there was a verdict against Mrs. Carothers and Noonan there could be but one assessment of damages against each. Plaintiff's testimony tended to increase the damages by showing the extent of her pain and suffering. The damages could not be increased against Noonan without also being increased against Mrs. Carothers. If at another trial there should be a verdict and a judgment against both defendants, we are unable to see how it can be sustained if Mrs. Carothers continues insane and her conservator objects to plaintiff's testifying, and plaintiff does testify ostensibly against Noonan only.

For the errors above stated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*