## Samuel Milliken, Appellant, v. Chris Hildebrand et al., Appellees.

### Gen. No. 7,366.

1. TORTS—*sufficiency of declaration for damages for interference with contract relations and breach of contract.* Where the owners of land sold it under a contract and before the contract was com-pleted the vendee made a contract of sale with plaintiff without assigning the contract between himself and the owners and before the vendee had performed either his contract with the owners or with plaintiff certain third parties induced the consummation of a transaction whereby the land was conveyed to one of them and the others executed a bond to indemnify the one purchasing against any claim of plaintiff, a declaration in an action brought by plain-tiff against all of the parties jointly which did not allege that the damages sustained were inflicted as a result of the fraud, mis-representation, intimidation, obstruction, molestation or malicious motives of the defendants but that it was the duty of the third party who purchased the land not to interfere with the contract between the original vendee and plaintiff and that such third party with the others, with full knowledge of the facts, wrong-fully induced the breaking of the contract between the owners and such original vendee, was not a sufficient statement of a joint cause of action against the owners, the vendee and the third parties.

2. VENDORS AND PURCHASERS—*contract for conveyance by pur-*

*chaser under contract not bar to transfer by owner to stranger.*
By merely taking a contract of sale from the vendee of land without taking an assignment of the contract between such vendee and the owners, plaintiff left the land on the open market and the owners or an assignee of the vendee or outside parties had a right to deal with the land as they saw fit without incurring a joint liability with the vendee to plaintiff.

3. PLEADING—*legal insufficiency of declaration against joint defendants where no joint cause of action alleged.* If there is no joint cause of action against persons joined in an action for damages a demurrer to the declaration should be sustained.

4. CONTRACTS—*action on case as remedy for breach of contract.* An action on the case does not lie for breach of contract.

Appeal by plaintiff from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed July 24, 1924.

JOHN E. ERWIN and HENRY C. WARNER, for appellant.

CLYDE SMITH, for appellees.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Samuel Milliken, began an action of trespass on the case, in the circuit court of Lee county, against appellees, Chris Hildebrand, Thomas J. Lyons, Warren B. Hussey and Frank H. Delhotal. A demurrer was sustained to the declaration, appellant elected to stand by his declaration, judgment was entered accordingly, and an appeal was prosecuted to this court.

The declaration alleged in substance that Alice Stewart, Anna L. Bourne, Helen Hussey and Lemuel H. Bourne, were the owners of 320 acres of land in Lee county. On August 31, 1918, they and their husbands and wives, as party of the first part, entered into a written contract with Chris Hildebrand, party of the second part, by the terms of which they agreed to convey the 320 acres to Hildebrand for $42,300,

payable $2,000 cash, and $8,000 on or before March 1, 1921, with interest at 5 per cent from March 1, 1919. When the party of the second part paid $10,000, the party of the first part agreed to convey by warranty deed and agreed to take a mortgage for the balance, payable in three years with interest at 5 per cent on the whole sum remaining from time to time unpaid. Party of the second part was to pay all taxes subsequent to 1919. In case of failure of the party of the second part to make the payments or perform the covenants contained in the contract, the party of the first part had the option to declare the contract forfeited, to retain the payments as liquidated damages, and to re-enter and take possession of the land.

The declaration further alleged that. Hildebrand took possession of the land, and on June 10, 1919, entered into a written contract with Samuel Milliken, by the terms of which he sold to Milliken this land for $46,400 to be paid by a note for $2,000 due March 1, 1920, without interest, $3,000 on March 1, 1920, with a mortgage for $41,400 due in seven years, with interest at 5 per cent with the privilege of paying $1,000 or any multiple thereof at any interest-paying period. Hildebrand was to furnish an abstract showing merchantable title and was to convey by warranty deed on March 1, 1920, at which time the mortgage was to be given. Milliken was to have the privilege of doing fall plowing, haul manure and do any building, but was not to interfere with Hildebrand's work. Hildebrand was to pay all taxes up to March 1, 1920, on which date Milliken was to have possession. On June 18, 1919, Hildebrand made a supplemental agreement which provided that if he had a wife on March 1, 1920, he would secure the signature of his wife to the deed. The agreement between Hildebrand and Milliken was filed for record on August 9, 1919. It was alleged that at the time Hildebrand made this contract with Milliken, that Hildebrand was not in default in his agree-

ment of August 31, 1918, with Alice Stewart and the other parties; that Hildebrand was in possession of the land and was able to make all payments necessary to entitle him to a deed, and that Milliken agreed with Hildebrand that on March 1, 1920, Milliken would pay to Alice Stewart and to the other parties to the contract with her the amount due on the contract of August 31, 1918, and that Milliken was always able and willing to do so.

The declaration further alleged that it was the duty of Frank Delhotal not to interfere with the performance of the contract between Milliken and Hildebrand; that Delhotal, Warren B. Hussey and Thomas J. Lyons wrongfully procured the consummation of a transaction whereby the land was conveyed to Delhotal, thus depriving Milliken of his right under the contract with Hildebrand, and depriving Milliken of great profit which had accrued to him by virtue of a large increase in the market value of the land; that they wrongfully induced Hildebrand, Alice Stewart, Anna L. Bourne, Lemuel H. Bourne and Helen Hussey to break the contract existing between them, and induced Hildebrand, on August 22, 1919, to assign the Stewart contract to Lyons and Hussey with the intention to injure Milliken; that on February 9, 1920, Alice Stewart, Anna L. Bourne, Helen Hussey and Lemuel H. Bourne for a consideration of $58,534 conveyed the land by warranty deed to Delhotal, and on March 1, 1920, Lyons and Hussey executed to Delhotal an indemnity bond for $25,000 conditioned to save Delhotal harmless from any loss by reason of the breach of the contract between Hildebrand and Milliken, pledging themselves to defend against any claim growing out of said contract and to pay all loss, cost or damages as the result of said contract; that because of said wrongful acts Milliken sustained damages in the sum of $200,000.

The sole question for determination upon this ap-

peal is whether or not the declaration stated a joint cause of action against the four appellees. Appellant contends that Hildebrand is liable because he made a valid contract with appellant which he refused to perform, and by assigning his contract with the owners to Lyons and Hussey rendered it impossible for him to perform his contract with appellant; that Lyons and Hussey are liable because they knew of Milliken's right and procured a conveyance from Hildebrand which made it impossible for them to obtain the profits which belonged to appellant; that Delhotal was liable because he knew of appellant's rights and demanded a bond from Lyons and Hussey to protect him against appellant. It is sought by appellant to bring this declaration within the principles of law which permit a recovery of damages by a party to a contract in a suit against one who was not a party to the contract, when it appears that the defendant unlawfully intermeddled, interfered and prevented the performance of the contract. It is admitted by appellant in his brief that there are very few decisions directly in point on the proposition involved in this case. He cites in support of his contention *Angle v. Chicago, St. P., M. & O. Ry. Co.,* 151 U. S. 1; *Motley, Green & Co. v. Detroit Steel & Spring Co.,* 161 Fed. 389; *Purington v. Hinchliff,* 219 Ill. 159; *Doremus v. Hennessy,* 176 Ill. 608, together with several labor cases including *London Guarantee & Accident Co. v. Horn,* 206 Ill. 493.

The authorities cited by appellant do not sustain his contention as to the law, and the allegations of his declaration are not sufficient to entitle him to the damages sought. There is no allegation in the declaration that the damages were inflicted as the result of the fraud, misrepresentation, intimidation, obstruction, molestation or malicious motives of the appellees. The allegation is that it was the duty of Delhotal not to interfere with the contract between appellant and

Hildebrand, and that Delhotal, Lyons and Hussey, with full knowledge of the facts, wrongfully induced the breaking of the contract between Hildebrand and the owners of the land. These allegations were not a sufficient statement of a joint cause of action. The declaration was not sufficient for the further reason that appellant by merely taking a contract of sale from Hildebrand, and not taking an assignment of the contract from the owners to Hildebrand, left the land on the open market for competition and sale. The owners of the land, or the assignee of Hildebrand, or outside parties, had the right to deal with the land as they saw fit.

*Doremus v. Hennessy*, 176 Ill. 608, cited by appellant in support of his contention, was a suit to recover damages on account of the unlawful acts of defendants in intentionally procuring laundrymen to break their contract to do the work of another laundryman, and thereby destroy his business. While the facts are in no way identical with those here presented, yet the rules of law applicable to cases of this kind are stated. The court said:

"Damage inflicted by fraud or misrepresentation, or by the use of intimidation, obstruction or molestation, with malicious motives, is without excuse and actionable. Competition * * * resulting in loss, will not be restricted or discouraged, whether concerning property or personal service. Lawful competition that may injure the business of another, even though successfully directed to driving that other out of business, is not actionable. Nor would competition of one set of men against another set, carried on for the purpose of gain, even to the extent of intending to drive from business that other · set, and actually accomplishing that result, be actionable unless there was actual malice. Malice, as here used, does not merely mean an intent to harm, but means an intent to do a wrongful harm and injury. An intent to do a wrongful harm and injury is unlawful, and if a wrongful act

is done to the detriment of the right of another, it is malicious, and an act maliciously done, with the intent and purpose of injuring another, is not lawful competition.''

The case of *London Guarantee & Accident Co. v. Horn,* 206 Ill. 493, cited by appellant, is a suit brought to recover damages because the defendant, who had insured the employer against loss by reason of personal injury suits brought by its employees, sought to compel the employee to accept a compromise he was unwilling to make, and because the employee would not accept such settlement, procured the employer to discharge the employee. The facts are in no way similar to those in the case now before us, but the rule announced is substantially the same as the rule announced in the *Doremus* case.

In *Angle v. Chicago, St. P., M. & O. Ry. Co.,* 151 U. S. 1, which is another case cited by appellant in support of his contention, the court said:

''If one maliciously interferes in a contract between two parties, and induces one of them to break that contract to the injury of the other, the party injured can maintain an action against the wrongdoer. * * * When a man does an act which in law and fact is a wrongful act, and injury to another results from it as a natural and probable consequence, an action on the case will lie.''

In *Walker v. Cronin,* 107 Mass. 555, the rule is announced as follows:

''Every one has a right to enjoy the fruits and advantages of his own enterprise, industry, skill and credit. He has no right to be protected against competition; but he has a right to be free from malicious and wanton interference, disturbance or annoyance. If disturbance or loss come as a result of competition, or the exercise of like rights by others, it is *damnum absque injuria,* unless some superior right by contract or otherwise is interfered with. But if it come from the mere wanton or malicious acts of others, without

the justification of competition or the service of an interested or lawful purpose, it then stands on a different footing, and falls within the principle of the authorities first referred to.''

In *McCann v. Wolff*, 28 Mo. App. 447, it is said:

''There must be a wrongful intent to do harm to the plaintiff before the right of action for procuring a breach of contract can be established. Mere knowledge that there is a subsisting contract will not do. Only with these limitations can we safely say a contract can or does impose a duty upon persons extraneous to the obligation not to interfere with its due performance.''

In *Sweeney v. Smith*, 171 Fed. 645, it is said:

''No allegation of fraud, bad faith, or any act of Smith & Co., to induce a breach of said contract by the committee, is here involved. Under these facts there is no liability of Smith & Co. to account to Sweeney.''

In *Ashley v. Dixon*, 48 N. Y. 430, it is said:

''But even if defendant had induced Patrick not to perform his contract, that alone would not make him liable to the plaintiff for damages. He could advise and persuade Patrick not to convey the land under his contract with McEachron, and could, by offering more, induce him to convey to himself, without incurring any liability to McEachron so long as he is guilty of no fraud or misrepresentation affecting McEachron.''

''By the weight of authority, where, as an incident to the exercise of an absolute right by an individual, the breach of a contract between third persons results, no liability attaches by reason thereof to the person exercising such right. On the other hand, if a qualified right is maliciously exercised for the purpose of causing the breach of contract between third persons, and it has this effect, liability for the injury resulting from the breach of contract thus brought about will attach to the person exercising the right. The criterion as to whether a right is absolute or qualified is pointed out in a note in 29 L. R. A. (N. S.)

869.'' *Wheeler-Stenzel Co. v. American Window Glass Co.*, 202 Mass. 471, L. R. A. 1915 F 1076 note.

It appears from the declaration that Hildebrand was not the owner of the land, he simply had a contract for a conveyance from the owners. This contract was subject to assignment, but Milliken did not see fit to take an assignment. He entered into a contract of sale with Hildebrand, which contract did not even refer to the contract between Hildebrand and the owners, and did not make any provision for Hildebrand to carry out his contract with the owners. In other words, there were two separate and distinct contracts between different parties for the sale of the same land, one not depending on the other and neither attempting to carry out the provisions of the other. By entering into the contract with Hildebrand the owners of the land did not become under any obligations to Milliken, and his subsequent contract with Hildebrand cast no duty or responsibility upon the owners which they were not already under. If Milliken desired to have the contract between Hildebrand and the owners performed for his benefit and have this title conveyed to him he should have purchased the contract between Hildebrand and the owners and have it assigned to him. If this had been done, that contract could not have been assigned to Lyons and Hussey, and contractual relations would have been established between Milliken and the owners which could have been enforced. As long as the contract between Hildebrand and the owners remained in full force and effect it was subject to modification or rescission by their mutual consent. If it was assigned the assignee assumed obligations to the owners with reference to the contract which he could be compelled to perform. No assignee could acquire a right under the contract which the owners would be compelled to respect until the assignee had complied with the conditions of the contract. Even after Hildebrand assigned

his contract, and a deed had been made to Delhotal, Hildebrand had the right to perform his contract with Milliken if he could purchase the land from Delhotal or from any other person who might have acquired the title. It was alleged that Hildebrand was in possession under his contract with the owners, and that the contract between Hildebrand and Milliken was recorded. Under these circumstances any person dealing with the land did so with knowledge of Milliken's rights and no harm could be done to Milliken.

The owners of the land had the right to enforce all of the provisions of their contract with Hildebrand, or his assignee, and the Hildebrand-Milliken contract could not vary any of those terms without the consent of the owners, and yet the terms of the two contracts are in conflict. The Hildebrand-Milliken contract provides that the conveyance should be made on March 1, 1920, by warranty deed, and there shall be a merchantable title. Hildebrand's contract with the owners provides $2,000 shall be paid in cash, $8,000 on March 1, 1921, and that when $10,000 has been paid Hildebrand is to receive a warranty deed, and is to give gack a mortgage securing the balance which should mature in three years. If Hildebrand had paid the $10,000 on the date of his contract with the owners and executed his mortgage, the mortgage would not have been due until August 31, 1921, and yet Hildebrand was to convey to Milliken a merchantable title on March 1, 1920, which was impossible under the strict provisions of the two contracts. The language of the contract with the owners providing for a mortgage did not authorize a cash payment unless the owners saw fit to accept the cash. If they did not see fit to accept the cash they had a right to demand a mortgage. If they demanded a mortgage, then Hildebrand, under his contract with Milliken, could not convey a merchantable title on March 1, 1920.

We are not concerned upon this appeal with any

cause of action which appellant may have against Hildebrand by reason of the breach of the contract between them. The only question we are called upon to determine is whether the declaration stated a joint cause of action against the four appellants. We conclude that the declaration did not state a joint cause of action against all of them. They were not jointly liable for the various breaches alleged. Some of them were not liable at all. If there was no joint cause of action the demurrer was properly sustained. *Johnson v. Cunningham*, 56 Ill. App. 593. An action on the case does not lie for a breach of contract. *Morehouse v. Terrill*, 111 Ill. App. 460. By entering into a separate contract of sale with Hildebrand and not taking an assignment of Hildebrand's contract with the owners, appellant left the land on the open market for competitive sale or trade. Under these circumstances Delhotal had a right to buy, and Lyons and Hussey had a right to secure an assignment of Hildebrand's contract of sale with the owners. After the assignment was made to them, they had the right to have the deed made directly from the owners to Delhotal. The mere knowledge of the facts as alleged in the declaration and their acts after such knowledge did not make Lyons, Hussey and Delhotal jointly liable with Hildebrand. There is no allegation that the acts of the appellees were maliciously done. If they had a right to do these acts, the allegation of malice would be unnecessary. If they did not have a right to do them as claimed by appellant, then there should be an allegation of malice.

The demurrer was properly sustained and the judgment will be affirmed.

*Judgment affirmed.*