Thomas Clark, a Minor, by Daniel Clark, His Father and Next Friend, Appellee, v. A. Bazzoni & Co., Inc., and Lawrence L. Kotin, as Administrator of Estate of Frank Ufnowski, Deceased, Appellants.

### Gen. No. 46,506.

First District, Third Division.

October 13, 1955.

Released for publication November 10, 1955.

John J. Maciejewski, of Chicago, for appellant; Charles D. Snewind, of Chicago, of counsel.

James A. Dooley, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action. Defendant Ufnowski died before trial and Lawrence L. Kotin, administrator of his estate, was made a party defendant. Verdict was for plaintiff for $12,500 and judgment was entered on the verdict. Defendants have appealed.

The accident occurred at the intersection of Van Buren Street and Kilpatrick Avenue in Chicago, Illinois at approximately 5:30 p. m. on January 24, 1950 when a truck, owned by defendant corporation and driven by Ufnowski, collided with a bicycle ridden by plaintiff, then twelve years old. Visibility was fair at the time, and although the streets were wet it was not raining.

There were only two occurrence witnesses at the trial, plaintiff and Lawrence Lajewski, a helper on the company's truck. Plaintiff testified he entered the intersection going north on Kilpatrick Avenue at about one mile per hour, with a light burning on the fore part of his bicycle; that he saw the truck's lights coming south on Kilpatrick at the intersection; and that suddenly the truck swung into the northeast quadrant of the intersection where it hit him. On the other hand, Lajewski testified that the truck was proceeding south on Kilpatrick at about fifteen or twenty miles per hour; that there was no traffic; that as the truck swung around to turn east on Van Buren Street the headlights revealed plaintiff; that he shouted to warn Ufnowski of the boy's presence; that Ufnowski immediately stopped the truck; and that the plaintiff, whose bicycle had no light burning, rode into the left front wheel of the truck.

The questions on appeal are: whether improper evidence was admitted through the statements of the driver, Ufnowski, and by the testimony of plaintiff; whether the cross-examination of Lajewski was "im-

proper and prejudicial"; whether plaintiff's instructions were erroneous; whether there was any evidence of the defendant's negligence; whether the verdict and judgment were contrary to the manifest weight of the evidence; and whether the damages awarded are grossly excessive.

██ Defendant corporation urges that Ufnowski's statement to the police, made approximately one hour after the accident, was not in the scope of employment and not sufficiently connected in time with the event to be part of the res gestae. The same objections are directed toward the deposition taken from Ufnowski more than a year after the accident. The contentions are not relevant. Plaintiff is not attempting by introduction of these statements to establish either the fact of agency or the liability of the corporation as Ufnowski's principal. Plaintiff offered the statement and deposition, corroborating plaintiff's version of the accident, as declarations against defendant Ufnowski's interest. The statements were admissible against Ufnowski's estate even if they were not admissible against the defendant corporation. Republic Iron & Steel Co. v. Industrial Commission, 302 Ill. 401, 405. Furthermore, part of plaintiff's instruction seven was clearly designed to limit the declaration to Ufnowski and to protect the corporation:

"You are further instructed that the statements of Frank Ufnowski, deceased, are competent only against his estate, but not against the defendant, A. Bazzoni & Co."

The record before us does not justify any inference of prejudice to the corporation through admission of the evidence or through disregard by the jury of the instruction.

██ There is no merit in the contention that plaintiff's testimony violated the so-called "Dead Man's Statute" (Chap. 51, Sec. 2, Ill. Rev. Stat. 1953 [Jones

Ill. Stats. Ann. 107.068]) because it was adverse to the administrator. It is not the purpose of the statute, which grants immunity to Ufnowski's estate from testimony by the plaintiff, to extend this immunity to the defendant corporation but to protect the estate against false claims. Fredrich v. Wolf, 383 Ill. 638. The testimony was admissible against the corporation, and the character of this evidence is not varied by the presence of the administrator as a party. Another part of plaintiff's instruction seven also limits this testimony to the corporation and is designed to protect the estate:

"You are instructed that the testimony of the plaintiff, is not competent as against the Estate of Frank Ufnowski, but can be considered against the defendant, A. Bazzoni & Co."

 Defendant argues, notwithstanding the instruction above quoted, that evidence incompetent as to one defendant is likewise incompetent to the other. For this proposition Antrim v. Noonan, 186 Ill. App. 360, 366–7 is cited and lends support to defendant's argument. We think we are bound, however, by the holdings of the Supreme Court in Eich v. Sievers, 73 Ill. 194, 196, and Consolidated Ice Mach. Co. v. Keifer, 134 Ill. 481, 494, under which, in the instant case, there was no error in admitting testimony, proper to one defendant, so long as the other defendant was protected by a suitable instruction. In a case such as the case before us, it is the office of the court's instruction to limit the parties against whom such evidence, when admitted, should be considered. It cannot be said that its admission here, when followed by the instruction confining its scope, was reversible error.

We do not agree with the contention that defendants were prejudiced by the cross-examination of Lajewski. Before he testified a police report containing the statement of Ufnowski had been received in evidence, over the sole objection that the corporation was not bound by the declarations of Ufnowski beyond the scope of

339

the agency. The statement bore Lajewski's signature as witness. Since his testimony on direct examination differed from Ufnowski's declaration and deposition as to the occurrence, the purpose of the cross-examination was to determine whether his signature acknowledged the written statement as his own as well as Ufnowski's. The purpose was impeachment.

██ The only objection made to the cross-examination is that it was "in effect an attempt to impeach Lajewski by the statement of Ufnowski." The cross-examination showed that Lajewski signed as witness to the statement of Ufnowski and that he stood by without objection while the statement was given. This was enough prima facie to bring the event within the rule that impeaching statements assented to by the witness may be put in evidence with the fact of assent. People v. Tice, 115 Mich. 219, 73 N. W. 108.

██ Defendants complain that plaintiff's instruction fourteen should not have been given because (a) it contained the implication that the truck was being driven at an unreasonable speed and (b) there was no evidence of excessive speed on which to base the instruction. We think as to (a) that any possible harmful implication was obviated by other instructions. As to (b), plaintiff alleged defendants were guilty of "excessive and dangerous" speed and we think the testimony was sufficient to present a jury question, whether the speed of the truck under the circumstances was dangerous.

The "injurious implication" objection is also directed at plaintiff's instruction eleven. We find the same protection for defendant here, as with respect to number fourteen, in instructions on burden of proof. The fact situation in Borucki v. McLaughlin, 344 Ill. App. 550, cited by defendant, rendered the instruction inapplicable there. The parties agree that the statute embraced in plaintiff's instruction twelve was no longer in effect at the time of the trial. The substance of the

statute, however, was included in another statute which was in effect at the time. The evidence shows the accident occurred in the northeast quadrant of the intersection and therefore instruction number thirteen was proper. We agree with defendant that the evidence did not justify instruction fifteen. This error in the case, however, we deem harmless. We have passed on the only complaints made of the instructions.

There is no merit to the contentions that there was no evidence of negligence on the part of defendants and that the verdict and judgment are against the manifest weight of evidence.

 We cannot say that the verdict is excessive. Plaintiff was twelve years old at the time. Surgery upon his leg disclosed a fragmented tibia, a combination spiral and oblique fracture and three 1½-inch metallic screws were required to appose the fragments. He was in the hospital about three weeks, in a wheel chair three months, then on crutches, lost twenty pounds, missed a year's schooling, had consequences in the leg which require further surgery and had hospital bills of about $1,200.

For the reasons given the judgment is affirmed.

Judgment affirmed.

LEWE, P. J. and FEINBERG, J., concur.