Thomas J. Horan, Plaintiff-Appellee, v. Nathan Brenner Jr., Administrator de bonis non of the Estate of George B. Henrickson, Deceased, and C. O. Henrickson Company, a Corporation, Defendants-Appellants.

Gen. No. 49,895.

First District, First Division.

March 29, 1965.

Herbert L. Caplan, of Chicago (Robert G. Johnston, of counsel), for appellants.

Levin and Upton, of Chicago (Roland C. Upton and Henry H. Caldwell, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiff, Thomas Horan, filed an action August 9, 1954, against George B. Henrickson, individually, for personal injuries allegedly caused by him on July 8, 1954. Henrickson was served and filed answer thereto. On March 5, 1959, a suggestion of death was filed in the case stating Henrickson died on October 19, 1956. Plaintiff then caused a decedent's estate to be opened naming Nathan Brenner Jr. the administrator.

On April 10, 1961, plaintiff filed an amended complaint naming the administrator and C. O. Henrickson Company, a corporation, party defendants alleging that the decedent while acting as an agent and servant of the corporate defendant negligently operated the car owned by it and involved in the collision. The administrator filed his answer and the corporate defendant filed a motion to dismiss grounded upon the statute of limitations.

Admittedly, the statute of limitations which applies to personal injuries provides for commencement of the action "within two years next after the cause of action accrued." (Ill Rev Stats 1963, c 83, § 15.)

The court denied the motion without prejudice allowing the grounds therein to be made a defense in the corporation's answer. Immediately prior to trial, the court struck this affirmative defense and denied an

oral motion to dismiss the corporation. The trial resulted in a verdict and judgment against both defendants from which they bring this appeal.

The corporate defendant contends that the court erred in allowing plaintiff to bring it into the suit more than seven years after the cause of action accrued.

Plaintiff urges that the statute of limitations does not operate as a bar under the facts of this case and insists that the filing of the amended complaint was permissible under section 46(4) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 46(4)). That section provides that a cause of action against a person not originally named a defendant is not barred by lapse of time and the complaint against such person relates back to the date of filing of the original pleading if five conditions precedent therein specifically enumerated are satisfied. There is no dispute that four of these conditions were complied with, but the contention of the corporate defendant is that plaintiff did not establish the condition precedent that his failure to join it within the proper time was "inadvertent" within the meaning of section 46(4)(b).

In discussing the purpose and function of section 46(4) the court, in Silver v. Lee Shell Equipment Corp., 31 Ill App2d 266, 175 NE2d 287 (1961), stated at page 270:

> To us it appears that the legislature sought to provide a remedy for the inequities growing out of the confusion that may result from the changing entities under which contemporary business and industry is conducted. At the same time the legislature created conditions which would safeguard against the undermining of the statute of limitations. Jenner and Tone, Historical and Practice Notes, Smith-Hurd's Ill Stats Ann, ch 110, sec 46(4) pp 611–12 (1959). In other words, it took

account of the problem that lawyers in our time have of determining the right defendant. That is particularly true in a densely populated city where one may deal for years with a business and not know the character of its organization—whether corporate, partnership, individual, or a common law trust.

In Robinson v. Chicago Nat. Bank, 32 Ill App2d 55, 176 NE2d 659 (1961), rendered about the same time as the Silver case, the court stated (pp 60–61):

We are of the opinion that the facts constituting the inadvertence must be in existence from the time of filing the complaint to the time the amendment is presented. Plaintiff knew the identity of the beneficiary of the [naked land] trust and the identity of the manager on April 8, 1959. She did nothing about it until November 20, 1959. In our view the word "inadvertence" means excusable ignorance, not excusable failure to act after the facts are discovered. When plaintiff read the answers to the interrogatories she knew the identity of the proper defendants. She was not then ignorant of any fact. A plaintiff must act with reasonable diligence after the identity of the true defendants becomes known.

The record before us discloses that plaintiff, who was an experienced adjuster, employed by Western Adjustment and Inspection Company, learned from Henrickson at the scene of the occurrence that he was in the brick business and at the time was going to "the mills." Plaintiff's co-employee Keegan, testified that he arrived at the scene about an hour after the collision and that he "persisted in" asking Henrickson "many specific questions," whereupon Henrickson referred him to the owner of the motor vehicle for whom

86

■

he was employed. "He said that he was employed by the firm of the same name and he referred me to them for answers to my questions and reports." The police officer who investigated the incident testified that the police report revealed that the car was owned by C. O. Henrickson Company, 2300 South Avers Avenue.

On February 20, 1959, plaintiff filed answers to interrogatories addressed to him wherein he listed "C. O. Henrickson Company, 2300 South Avers, Chicago, Illinois," among others, who had first hand knowledge of facts and circumstances concerning the accident in question. He took no action against the corporate defendant until April 10, 1961.

Immediately following the occurrence wherein plaintiff claims he suffered injuries, he was informed of the identity and location of the corporation whose car and, as he alleged, whose agent was involved in the incident. Section 46(4) is not applicable to the facts in the instant case under the rationale of the Silver case.

■ Applying the principles expressed in the Robinson case, it was the duty of the plaintiff to act with reasonable diligence after the identity and location of the corporate defendant became known to him. Here plaintiff admits he had the facts on February 20, 1959, in his answer to interrogatories. Even then he allowed two years and two months to elapse before filing the amended complaint. The corporate defendant was entitled to the repose which the statute of limitations provides and plaintiff failed to show that there was any inadvertence for his failure to bring in this defendant until some seven years had elapsed. To adopt any other view, under the facts before us, would be to eliminate the limitations statute. Plaintiff did not bring suit against the corporate defendant within the period prescribed by the statute of limitations. He failed to take action in compliance with all the requirements of section 46(4) of the Civil Practice Act. He

was therefore precluded from bringing action against the corporate defendant. We therefore hold that the trial court erred in denying the motion of defendant C. O. Henrickson Company for dismissal of the action against it.

■ The administrator appeals on the ground that the estate was deprived of a fair trial. The Dead Man's Act (Ill Rev Stats 1963, c 51, § 2) precluded plaintiff from testifying against the decedent's estate but he was properly permitted to testify against the corporate defendant, the jury being admonished and instructed by the trial court not to consider such testimony against the estate. Clark v. A. Bazzoni & Co., Inc., 7 Ill App2d 334, 339, 129 NE2d 435 (1955). Prior to trial both defendants moved for separate trials as to each of them. This the court denied. The administrator argues that the corporate defendant was improperly in the case and further that when the corporate defendant was required to remain in the cause, severance should have been allowed. He quotes from Thillman v. Early, 340 Ill App 538, 92 NE2d 346 (1950) where the court said at page 544:

> At the time Vernie Thillman [plaintiff] gave her testimony, the court properly allowed her to testify, as George A. Carter was then a defendant in the suit. When the plaintiff dismissed the suit as to Carter, [after defendants both made motions for directed verdicts] the court admonished the jury not to consider her evidence at all, as against the Kazunas estate. What effect this testimony had on the jury is only conjectural, but after a witness has testified, it is difficult for the ordinary juror, not to consider all of the evidence that has been given before them. We can come to no other conclusion but that this testimony was prejudicial to the defendant.

88

In the case before us the only witnesses to the actual occurrence were Henrickson and the plaintiff. After the death of Henrickson plaintiff was the sole witness. His testimony therefore was crucial.

Having expressed our opinion that the corporate defendant was improperly in the trial we feel that in fairness and justice to the parties herein the cause be remanded for a new trial against the decedent's estate.

Other errors are assigned which we are certain will not occur in the new trial and so we need not pass upon them. The judgment against C. O. Henrickson Company, the corporate defendant, is reversed. The judgment against Nathan Brenner Jr., administrator of the estate of George B. Henrickson, deceased, is reversed and remanded for a new trial.

Reversed in part, reversed and remanded for new trial in part.

BURMAN, P. J., and MURPHY, J., concur.