Warren K. Green, Plaintiff-Appellant, v. Christine Smith, Defendant-Appellee.

Gen. No. 64–134.

Second District.

May 11, 1965.

Downey, Layng, Anderson & Martenson, of Rockford (John C. Layng, of counsel), for appellant.

Barrick & Jackson, of Rockford (William C. Jackson, of counsel), for appellee.

ABRAHAMSON, P. J.

This appeal is taken from a judgment in favor of the defendant, based on a jury verdict of not-guilty, in the Circuit Court of Winnebago County. The case arises out of a traffic accident which occurred on the 15th day of June, 1962 in the City of Rockford in that county, at the intersection of West State Street and Pierpont Avenue. State Street is a four-lane road at this point, and the intersection is controlled by traffic lights. The defendant, Christine Smith, traveling East on State Street, made a left-hand turn to proceed North on Pierpont, and was struck in the outer West lane by a car driven by one John W. Donlinger, who was headed West on State Street. After the impact, Miss Smith's car veered out of control and collided with the automobile of the plaintiff, Warren K. Green, which was stopped at the Northwest corner of the intersection. Green had been traveling South on Pierpont and was waiting for the light to change, permitting him to proceed across State Street. The testimony is in conflict, Miss Smith stating that she waited for three or four cars going West on State Street to clear the intersection before she attempted her left turn. Donlinger, called as a court's witness, testified that there were no cars in front of him traveling West on State. Donlinger seemed confused as to where he applied his brakes, if at all; when he first saw Miss Smith's car; and

281

as to his use of a sun visor while driving into the setting sun.

At the close of the evidence, the jury found Christine Smith not guilty and the court denied plaintiff's motion for a new trial, and entered judgment on the verdict.

Plaintiff urges as grounds for reversal that (1) the trial court erred in permitting the existence of a covenant not to sue between Green and Donlinger to come to the attention of the jury; (2) that Donlinger should not have been made a court's witness; and (3) that the jury's verdict was against the manifest weight of the evidence. We find little merit in the first two of plaintiff's contentions.

The original suit had been brought by Green against both Miss Smith and Donlinger. On the day before the trial, Green executed a covenant not to sue Donlinger for a cash consideration of $2,000 and Donlinger was dismissed from the suit.

The covenant was not admitted into evidence, nor was it sought to be. The record discloses only one reference to the covenant during the trial before the jury, and that without objection. An attempt to call the covenant a settlement was properly objected to and the objection sustained.

██ Recent cases, in an attempt to clear this tangled subject, hold, and rightly so, that covenants not to sue one of the several cotort feasors should not be considered by a jury in assessing the covenantor's damages against the remaining defendants. De Lude v. Rimek, 351 Ill App 466, 115 NE2d 561; Burger v. Van Severen, 39 Ill App2d 205, 188 NE2d 373. In those cases, the covenant was emphatically brought to the attention of the jurors, its character as a settlement discussed, and the consideration paid to the covenantor admitted into evidence. None of these factors appear in our case and we do not feel that

a mere reference to a covenant, without further clarification or emphasis, could amount to reversible error.

■ Plaintiff's contention that the court's decision to instruct the jury orally to disregard the covenant is groundless. The record indicates that the instruction was agreed to by plaintiff's attorney, and while instructions to the jury should be written, they can be oral if the parties so agree. Illinois Revised Statutes, Chapter 110, Section 67.

Plaintiff did object during the trial to the calling of Donlinger as the court's witness. The defendant stated that she had intended to call him as an adverse party under Section 60 of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 60), until he was dismissed out of the suit shortly before trial. She also maintains that she doubted the veracity of Donlinger and for that reason did not want him to testify as her witness. Her doubts do not appear unfounded.

■ The calling of a witness as the court's witness is a matter for the discretion of the trial court. While ordinarily the discretion is exercised carefully and frugally, it will be used where the court is convinced that it will further the interests of justice. The court may call a witness as its own where a party, for good cause, will not vouch for the integrity and veracity of the witness and his testimony appears necessary for the furtherance of justice. People v. Crump, 5 Ill2d 251, 125 NE2d 615; 37 Illinois Law and Practice, Witnesses, Section 88. We do not feel that the trial court abused its discretion in calling Donlinger as its own witness.

Lastly, plaintiff maintains that the verdict of the jury is against the manifest weight of the evidence.

■ The law of this State is clear that a court of review will not substitute its judgment for that of the jury unless the verdict is against the manifest weight of the evidence. A verdict will not be considered

■■■

against the manifest weight of the evidence unless the opposite conclusion is clearly evident. Mokrzycki v. Olson Rug Co., 28 Ill App2d 117, 170 NE2d 635; Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 180 NE2d 347. A verdict will not be set aside because the jury could have found differently or because the reviewing court might feel that an opposite conclusion would be more reasonable. The jury's verdict must be palpably erroneous for it to be upset. Benkowsky v. Chicago Transit Authority, 28 Ill App2d 257, 171 NE2d 416.

■■■ We admit that the factual situation in the instant case is one which could create doubts as to the verdict of the jury. Evidence was introduced, however, that tended to show that Miss Smith was exercising due caution in making her left hand turn. The jury and trial court heard her testimony and that of the other witnesses. The evidence was controverted but it was the function of the jury to hear the testimony, consider the credibility of the witnesses and conclude as to the proximate cause of the accident. The trial court, in overruling plaintiff's motion for a new trial, also considered the question of the weight of the evidence and agreed with the jury. It is incumbent on this court to consider not only the jury's verdict but the fact that the trial court also heard the evidence, considered the arguments of counsel, and then denied a motion for a new trial. Wright v. Callaghan, 50 Ill App2d 157, 200 NE2d 56; Mokrzycki v. Olson Rug Co., supra.

■■■ In view of the principles stated above and having reviewed the record before the court and jury, we cannot hold that the verdict and judgment were against the manifest weight of the evidence.

Judgment affirmed.

MORAN and DAVIS, JJ., concur.