Bessie Stewart, Plaintiff-Appellee, v. Hancy Nelson and James Sparks, Defendants-Appellants.

Gen. No. 68–124.

Fifth District.

August 6, 1970.

Reed, Armstrong, Gorman and Coffey, of Edwardsville, and Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellants.

William W. Schooley, of Granite City, for appellee.

CHAMBERLAIN, J.

The plaintiff, Bessie Stewart, brought an action for personal injuries against two motorists, Hancy Nelson and James Sparks. A jury returned a verdict against both defendants in the amount of $7,500. The defendants appeal from the jury's verdict.

Bessie Stewart was a passenger in a vehicle driven by Hancy Nelson which collided with a vehicle operated by James Sparks; the collision occurred at the intersection of Third and State Streets in Madison, Illinois, at approximately 3:30 p. m., in January 1966. The weather was cloudy and rainy; the traffic was moderately heavy. The Nelson car was proceeding west on Third Street which led to a T intersection with State Street. A stop sign was at the intersection for traffic on Third Street. The Sparks car was traveling on State Street, a through street, in a northerly direction.

Mrs. Nelson stopped at the stop sign and waited for the traffic to clear. As she waited, her car moved up closer to the intersection and she pulled out partially into State Street. As she turned south, the car collided with the vehicle operated by Sparks.

A passenger in Mrs. Nelson's vehicle testified that the Jeep driven by Mr. Sparks was traveling 40–45 miles per hour. The posted speed limit was 35 miles per hour. Mrs. Nelson testified that she did not see the Sparks car until after the collision. Mr. Sparks testified that he was traveling at the rate of 25–30 miles per hour and that he first saw the Nelson car when it "lunged out" in front of him. He further stated that because of this he could not stop his vehicle prior to impact.

Each defendant appeals on the grounds that as a matter of law there was no liability and that the jury's verdict is against the manifest weight of the evidence. Each further claims that a new trial should be granted on the grounds plaintiff's counsel made improper and prejudicial final argument. The defendant, Sparks, also claims reversible error was made by the admission of a discovery deposition over his objection.

■ We believe the evidence presented by the plaintiff made a prima facie case against each defendant, and created questions of fact for the jury to resolve.

The plaintiff's case against Hancy Nelson was similar to that of the plaintiff in the case of Augustine v. Stotts, 40 Ill App2d 428, 189 NE2d 757. In that case, the plaintiff was a passenger in a car operated by the defendant, who had stopped at a traffic sign. After the defendant made her stop she proceeded into the highway and was struck by another vehicle. The jury found the driver guilty of wilful and wanton misconduct. The Court stated:

> "The facts were such as to raise a question of fact for the jury as to whether defendant was guilty of wilful and wanton misconduct either in seeing the oncoming automobile and wilfully, wantonly or recklessly attempting to race across the highway ahead of such automobile, or being guilty of wilful and wanton misconduct in failing to look and discover the oncoming automobile on the state highway. The jury found, as a fact, that the defendant as host driver was guilty of wilful and wanton misconduct. Since the jury has come to such conclusion, and (on the basis of the record before us which made the determination of whether or not defendant was guilty for the jury) this Court cannot substitute its judgment for such conclusion on appeal in this Court (citing cases)." (40 Ill App2d 430–431, 189 NE2d 758–9.)

In the case of Ritter v. Nieman, 329 Ill App 163, 67 NE2d 417, the appellate court reversed a trial court which had directed a verdict for the defendant at the close of plaintiff's case. The facts were similar to this case and to the Augustine case, and the appellate court stated at page 173:

> "We are also of the opinion that the Court erred in not submitting to the jury the issue raised in

the second count of the complaint, namely whether or not the defendant was guilty of wanton and wilful misconduct. If the witnesses for the plaintiff are to be believed, it can be fairly inferred that the defendant drove through a stop sign without stopping and looking, and into an intersection where he struck an automobile that he didn't even see before he struck it. The defendant had crossed this intersection for many years and knew of the existence of the stop sign, and that this was a place of danger. Whether or not such conduct indicated a reckless disregard for the safety of others was a question of fact properly to be submitted to a jury (cases cited)."

■ In the present case the jury found in answer to a special interrogatory that defendant Nelson was guilty of wanton and wilful misconduct; that finding is not against the manifest weight of the evidence.

■ There is also ample evidence to support the jury's finding of negligence against Mr. Sparks. There is testimony by a witness that he exceeded the posted speed limit when the weather was cloudy and rainy and the traffic fairly heavy. He was only 10 feet from the Nelson car before he applied his brakes. Whether this defendant was guilty of negligence under this set of facts was for the jury to decide.

Both defendants also contend reversible error was made by plaintiff's counsel in final argument. The alleged errors result from statements by plaintiff's counsel.

The first statement was:

"And I say to you, that she should be judged as you would want to be judged."

No objection was made by opposing counsel. Defendants contend that this statement asked the jury to place

themselves in the position of the plaintiff which has been held to be error. Thomas v. Illinois Power & Light Corp., 247 Ill App 378.

Both defendants cite as authority for reversal the case of Copeland v. Johnson, 63 Ill App2d 361, 211 NE 2d 387. However, in that case the Court stated at page 367:

> "Had an objection been made, the Court should have sustained the objection and instructed the jury to disregard the erroneous comments. However, no objection was made and we feel that the error was waived."

■ If the comment by plaintiff's counsel is deemed error, the error, if any, has been waived by the failure to object.

■ The second statement dealt with the duration of plaintiff's injury. Again, no objection to the argument was made until after the jury retired. We consider the error waived since no objection was made.

The final alleged error in argument was as follows:

> "Mr. Gorman used a phrase that I think is very apt, but he used it in applying it to himself. He is in the middle. Ladies and gentlemen of the jury, if there's anybody caught in the middle of things, it's my client, Bessie Stewart. She is in the middle of this thing. They both agree, everybody on the side of the table, agree that it wasn't Mrs. Stewart's fault. They say, 'Nope, it's not her fault, it's his fault or her fault.' And here we are sitting in the middle. That's why we are in the courtroom and that's why I'm in a lawsuit because those people over there can't agree who should pay Mrs. Stewart for her injuries, and that's exactly why we are here."

Prompt objections were made which were immediately sustained by the Court. Moreover, the jury was instructed to disregard the argument.

█ We believe that no prejudicial error was committed in plaintiff's closing arguments, considering the arguments of opposing counsel and the circumstances under which the complained of remarks were made, and that the court properly ruled when objections were interposed.

The final alleged error was raised only by defendant, James Sparks. During the course of the trial, counsel for defendant Hancy Nelson sought to introduce the discovery deposition of Dr. John Riley. Plaintiff had no objection. Defendant Sparks objected and after a hearing out the presence of the jury, the Court permitted the reading of the deposition after giving the following admonition to the jury:

> "Now ladies and gentlemen of the jury, counsel for the plaintiff and counsel for the defendant have agreed to the reading of the deposition of Dr. John Riley. Now this deposition will only be with reference to the defendant Hancy Nelson. It cannot be considered in any way as to the defendant James Sparks. The reason being, that these parties have stipulated there's two separate cases here. One against Hancy Nelson, on the theory that Mrs. Stewart was a passenger in her car, and they are required to prove wilful and wanton misconduct on the part of Hancy Nelson. The other part is based upon negligence against Mr. Sparks. This deposition will only be considered in the case of Hancy Nelson."

Dr. Riley did not testify at the trial and no other medical testimony was presented.

Defendant Sparks contends this use of the discovery deposition constituted reversible error.

At the time the court advised the jury of the limiting use of this evidence, there was no motion made for a severance. Further, at the instruction conference, no objection was made as to the forms of verdict to be submitted to the jury. The law is very clear that evidence may be admitted and limited to one party when the jury is advised that the evidence is not to be considered as to other parties. Horan v. Brenner, 57 Ill App2d 83, 206 NE2d 488 (1965); Clark v. A. Bazzoni & Co., 7 Ill App2d 334 at 339, 129 NE2d 435 (1955).

The admonition given by the court was clear and precise. In fact, no issue is raised concerning the sufficiency of the admonition or to the instructions given. Inasmuch as the defendant, Sparks, did not ask for a severance or object to the form of verdict, we find no error was made in following this procedure.

If the defendant Sparks had asked for a severance, the trial court would be required to exercise his discretion to determine whether or not a party would be prejudiced by requiring the trial to continue. Clark v. A. Bazzoni & Co., supra.

Therefore, we find no prejudicial error in the trial and accordingly, the judgment is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.