RAE MARTIN, Plaintiff-Appellee, *v.* MICHAEL P. BRENNAN, Defendant-Appellant.

Second District  No. 76-48

Opinion filed November 9, 1977.

David R. Quade and Robert M. Bollman, both of Diver, Brydges, Bollman, Grach & Riseborough, of Waukegan, for appellant.

William E. Hartnett, of Waukegan, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This case arises out of an automobile accident which occurred on July 28, 1973, at the intersection of State Route 83 and Center Street in Grayslake, Illinois. The defendant, Michael Brennan, was operating his automobile in a southerly direction on Route 83. Catherine Kenny was a passenger in the front seat and Gerald Martin and his wife Rae Martin were passengers in the back seat of the Brennan automobile. The Brennan automobile collided with one driven by Karen Indelak, who was driving west on Center Street. The Martins filed suit against both Brennan and Indelak. Catherine Kenny also filed suit against Brennan, Indelak and two other defendants who are not related to this appeal. The cases were consolidated on the motion of defendant Brennan. By the time the cases were submitted to the jury the remaining parties were Rae Martin and Catherine Kenny as plaintiffs versus Michael Brennan as the only defendant. The jury returned a verdict in favor of defendant Brennan and against both plaintiffs. Plaintiff Martin filed a post-trial motion seeking a new trial, which was granted. Defendant has appealed.

The parties before us variously state the issues to be resolved in this appeal. The basic question, however, is whether the trial court properly granted plaintiff's motion for a new trial. The original order granting the plaintiff a new trial states merely that it was granted "for reasons stated in her Post Trial Motion." The order denying defendant's motion for reconsideration is more specific, and may be summarized as granting plaintiff a new trial because: (1) the court erred in denying the plaintiff any cross-examination of Karen Indelak, who had been called by the defendant under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 60); (2) the court erred in requiring plaintiff to call Indelak as her own witness if she wished to examine Indelak; (3) the plaintiff was thereby denied her constitutional rights to due process and the confrontation of witnesses; (4) the court erred in allowing defendant to bring the existence of a so-called "loan agreement" between Catherine Kenny and Indelak to the attention of the jury; and (5) the "loan agreement" was in fact a release.

As noted earlier, Indelak was originally a defendant in both the Martin and Kenny suits. On June 16, 1975, the trial court entered an order dismissing the Martins' suit against Indelak, reciting that all matters between those parties had been settled on a covenant-not-to-sue basis. On August 4, 1975, immediately before the trial herein began, another order that "the defendant, Karen Indelak, be voluntarily non-suited insofar as the case against her by the plaintiff, Catherine Kenny, is concerned" was entered. Thus it may be seen that Indelak was no longer a party to any

portion of this action when defendant called her to testify under section 60. Plaintiff's counsel immediately objected that Indelak was not adverse as far as his client was concerned. The court thereupon instructed the jury that it was to consider the testimony of the witness only in the part of the case between Kenny and Brennan and not between Martin and Brennan. Kenny's counsel said nothing and defendant's counsel proceeded with the examination. Basically, the testimony concerned the facts of the occurrence. In part, Indelak testified that even though she stopped before entering the intersection, she never saw Brennan's car at any time before the collision and that she took no evasive action of any kind to avoid the collision. Thereafter, the witness was asked about the suit against her by Kenny. The jury was sent out and the court and counsel for all parties engaged in a discussion of whether or not evidence of the "loan agreement" should be admitted. Martin's counsel maintained at all times that disclosing the existence of the agreement would be prejudicial to his client. Eventually the court ruled that the agreement itself could not be read to the jury but that a stipulation concerning the fact that a loan was made by Indelak to Kenny could be read to the jury. The attorneys for Kenny and Brennan drew up the stipulation and the court read it to the jury and explained that they could consider the fact that the agreement might give the witness a financial interest in the outcome of the lawsuit when evaluating her testimony.

Before Indelak was excused as a witness Martin's counsel requested permission to cross-examine her. The court denied the request and advised him that he would have to call Indelak as his own witness if he wished to question her.

The purpose of the requested cross-examination was brought to the court's attention in plaintiff's post-trial motion. Indelak's testimony at a deposition was substantially different from her testimony at trial in some particulars. In the deposition she stated that she had seen the Brennan automobile when it was approximately seven car lengths from the intersection at which the collision occurred. Further, she estimated its speed at 45 mph then and that the speed increased to about 50 mph at the time of impact. Consistent with her testimony at trial, she admitted doing nothing to avoid the accident. While both the trial and deposition testimony indicated that Indelak may have been negligent in one way or another, her statements at the deposition also indicated that Brennan may have been negligent. The deposition statements, if repeated, would have supported other testimony bearing upon the issues of whether Brennan was speeding or otherwise driving too fast for conditions at the time of the accident and whether he kept a proper lookout.

■■ Defendant has taken the position on this appeal that neither the stipulation which was read to the jury concerning the loan agreement nor

the denial of the opportunity to cross-examine Indelak could properly furnish a basis for a new trial for plaintiff Martin because the jury was instructed several times that Indelak's testimony was only to be considered between Kenny and Brennan. We agree with the general proposition that evidence may be properly admitted and limited to consideration against only one party in a case. (*Stewart v. Nelson* (1970), 128 Ill. App. 2d 54, 261 N.E.2d 537; *Clark v. A. Bazzoni & Co., Inc.* (1955), 7 Ill. App. 2d 334, 129 N.E.2d 435.) We do not, however, believe that the mere fact that the jury is instructed to consider the matter against only one party is always dispositive of the issue. See *Horan v. Brenner* (1965), 57 Ill. App. 2d 83, 206 N.E.2d 488.

■■ Turning to the facts of the case before us, Indelak was an occurrence witness who testified only to what transpired immediately before and at the time of the accident. Even in his statement instructing the jury to consider Indelak's testimony only against Kenny, the judge recognized that the jurors might find it difficult to do so. We also note that there was some discussion in the trial court as to whether this witness could properly be called under section 60. Although the parties to this appeal have not specifically raised this matter again, it is clear that at the time she was called Indelak was neither a party to the action nor an officer or agent of a party. Thus, she would have to fall into the category of "person for whose immediate benefit the action is prosecuted or defended" to be subject to examination under section 60. Her status under section 60 appears to us to be totally dependent upon the terms of the alleged "loan agreement." Although Indelak received the benefit of certain promises therein, the clear intent of the document seems to be that her insurance company would receive any repayments. For instance, only the insurance company and not Indelak was given authority to confess judgment for amounts due under the agreement. Although we have no occasion to rule specifically on the procedure followed herein, we note that the record before us engenders some doubt about the propriety of a section 60 examination of Indelak, even as to plaintiff Kenny. Finally, our review of the record herein indicates that, on the evidence presented at trial, the question of Brennan's negligence was indeed a close one.

With these facts and circumstances in mind, we turn to the issue concerning the denial of any opportunity to cross-examine Indelak. The parties have not cited, and we have been unable to find, any case involving a situation wherein a defendant called a nonparty witness under section 60 in a case involving two plaintiffs. In *Cascio v. Bishop Sewer & Water Co.* (1954), 2 Ill. App. 2d 378, 119 N.E.2d 531, the court held that one defendant had the right to cross-examine a co-defendant who had been called under section 60 by the plaintiff. The defendant called under section 60 was said to have been clearly negligent, whereas the liability of

the co-defendant presented a much closer case. The case before us is similar in that the ex-defendant called under section 60 was regarded by all parties as having been negligent, with the remaining question being whether defendant Brennan was also negligent. Indelak's testimony was such as to support defendant Brennan's theory that only Indelak was negligent. Under these circumstances Kenny's counsel made no attempt to cross-examine Indelak or impeach her testimony with the prior inconsistent deposition testimony.

This left plaintiff Martin's counsel in a rather unusual predicament. The jury had been instructed that they were not to consider Indelak's testimony against his client. On the other hand, the testimony was that of an occurrence witness. If the jury chose to accept Indelak's testimony as a true account of what happened with regard to plaintiff Kenny they would undoubtedly face certain logical and practical difficulties in believing that the accident occurred in an entirely different way with regard to plaintiff Martin. In addition to this, the witness had obviously changed her story to the benefit of defendant Brennan but the jury was totally unaware of this fact. To the contrary, the state of the evidence presented up to that point was such that the jury could believe that if Indelak's testimony was biased in one way or another it was biased in favor of at least one plaintiff and against the defendant. Under these circumstances the desire to cross-examine the witness for the purpose of clarifying the apparent inconsistencies between the deposition and trial testimony or, in the alternative, to show her complete unreliability to the jury, was reasonable.

■■ At this point we note again that the court offered plaintiff Martin's counsel the opportunity to call Indelak as his own witness if he desired to examine her. The question of whether this was a reasonably acceptable substitute for the requested cross-examination must therefore be examined. The general rule is that a party is not permitted to impeach a witness whom he has called. (*Kubisz v. Johnson* (1975), 29 Ill. App. 3d 381, 329 N.E.2d 815; *Hall v. Baum Corp.* (1973), 12 Ill. App. 3d 755, 299 N.E.2d 156.) One exception to this rule is embodied in Supreme Court Rule 238. (Ill. Rev. Stat. 1975, ch. 110A, par. 238.) This rule permits a party who has, in good faith, called an occurrence witness and is surprised by his testimony, to impeach the witness by proof of prior inconsistent statements. Under the circumstances present in this case, however, we conclude that the requisite showings of good faith and surprise would probably have been lacking if plaintiff had called Indelak as a rebuttal witness following her testimony for the defendant. Another portion of Rule 238 allows a party to cross-examine a hostile or unwilling witness, including the asking of leading questions and attempting to refresh the witness's recollection. Impeachment by proof of prior inconsistent

statements is not, however, allowed under the portion of Rule 238 dealing with a merely hostile or unwilling witness. (*In re Stephenson* (1976), 36 Ill. App. 3d 746, 344 N.E.2d 679; *Kubisz v. Johnson; People v. Lipscomb* (1974), 19 Ill. App. 3d 114, 311 N.E.2d 257.) Furthermore, the mere fact that a witness' testimony is damaging to one party does not necessarily require that he be declared a hostile witness. *People v. Shanklin* (1975), 26 Ill. App. 3d 167, 324 N.E.2d 711; *Hall v. Baum Corp.*

■■ ■ The only other method apparent to this court by which plaintiff's counsel might have been allowed to cross-examine Indelak would have been to request that she be recalled as a court's witness. While this court has approved the practice in civil cases, we expressly noted that it is a matter for the discretion of the trial court and that such discretion should ordinarily be exercised very carefully and only when the court is convinced that it will further the interests of justice. (*Green v. Smith* (1965), 59 Ill. App. 2d 279, 207 N.E.2d 169. See also, *Crespo v. John Hancock Mutual Life Insurance Co.* (1976), 41 Ill. App. 3d 506, 354 N.E.2d 381.) For these reasons we are convinced that the trial court's offer of an opportunity to call Indelak as a witness for plaintiff Martin was not a reasonably acceptable substitute for the opportunity to cross-examine her immediately following her examination under section 60.

Under the particular circumstances presented in this case we agree with the trial court's finding that it erred when it denied plaintiff Martin's counsel an opportunity to cross-examine Indelak. We have previously noted herein the close question presented by the evidence concerning Brennan's negligence.

■■ We therefore believe that the interests of fairness and justice will be served by the trial court's grant of a new trial to plaintiff Martin on this basis. *Cf. Horan v. Brenner.*

Because we have concluded that the trial court's grant of a new trial can be sustained on the basis of the denial of an opportunity to cross-examine Indelak, we find it unnecessary to rule upon the constitutional question raised or the questions raised concerning the disclosure of the alleged "loan agreement" to the jury herein. Because only plaintiff Martin was granted a new trial, the question concerning the "loan agreement" should not recur. The judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and WOODWARD, J., concur.